HANSON BRIDGETT LLP
LISA M. POOLEY, SBN 168737
lpooley@hansonbridgett.com
MATTHEW B. SEIPEL, SBN 318358
mseipel@hansonbridgett.com
JENNIFER A. PUZA, SBN 340221
jpuza@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone:    (415) 777-3200
Facsimile:    (415) 541-9366

Attorneys for Defendants
PROTEINSIMPLE and
BIO-TECHNE SALES CORPORATION

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARRILLO, individually, and on behalf of other similarly situated employees,<br><br>Plaintiff,<br><br>v.<br><br>PROTEINSIMPLE; BIO-TECHNE SALES CORPORATION; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No.<br><br>**DEFENDANTS PROTEINSIMPLE AND BIO-TECHNE SALES CORPORATION'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1446(a), CLASS ACTION FAIRNESS ACT OF 2005 ("CAFA") 28 U.S.C. § 1332(d)**<br><br>(Alameda County Superior Court Case No. 24CV091274) |

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF**

**CALIFORNIA AND TO PLAINTIFF JUAN CARRILLO AND HIS ATTORNEYS OF**

**RECORD:**

PLEASE TAKE NOTICE that Defendants PROTEINSIMPLE and BIO-TECHNE SALES

CORPORATION ("Defendants") hereby remove to this Court the state court action described

below:

1. <u>Jurisdiction</u>: This action is a civil action over which this Court has original

jurisdiction under 28 U.S.C. § 1332(d)(2) and is one that may be removed to this Court from the

Superior Court of the State of California, for the County of Alameda, where the action was

1    initiated.  This action may be removed by Defendants under 28 U.S.C. §§ 1441(a), 1453(b) and

2    1446.  This Court has original jurisdiction over this action under the Class Action Fairness Act of

3    2005 (CAFA) because the Complaint purports to be a class action and recites the prerequisites for

4    a class action and, as shown below, the matter in controversy exceeds the sum or value of

5    $5,000,000, exclusive of interest and costs, and there is minimal diversity of citizenship between

6    the parties. *See* 28 U.S.C. § 1332(d)(2); *Bodner v. Oreck Direct, LLC*, No. C 0604756, 2006 WL

7    2925691, at *3 (N.D. Cal. Oct. 12, 2006); Complaint (Ex. 1), ¶¶ 1, 24-33. Moreover, the number

8    of putative class members exceeds 100. *See* 28 U.S.C. § 1332(d)(5)(B); Ex. 1, ¶ 1; Ex. 7,

9    Declaration of David Simmons ("Simmons Decl."), ¶ 7.  Defendants have not previously removed

10   this case under CAFA.

11        2.    <u>State Court Action</u>:

12        a.    On September 12, 2024, Plaintiff Juan Carrillo filed this class action in the

13   Superior Court of the State of California for the County of Alameda, entitled *Juan Carrillo v.*

14   *ProteinSimple, et al*., Case No. 24CV091274.  A true and correct copy of his Complaint is

15   attached hereto as **Exhibit 1**.  The Complaint asserts three causes of action: (1) Violation of Labor

16   Code §§ 1194, 1197, and 1197.1; (2) Violation of Labor Code §§ 510, 558, and 1194; and (3)

17   Violation of Business and Professions Code § 17200, *et seq*.

18        b.    The first date on which Defendants received a copy of the Complaint was

19   September 17, 2024, when they were served with a copy of the state court Complaint and

20   Summons. A true and correct copy of the Summons is attached hereto as **Exhibit 2**. True and

21   correct copies of the Proofs of Service of Summons are attached hereto as **Exhibit 5**.

22        c.    On October 15, 2024, Defendants answered the Complaint in Alameda

23   County Superior Court.  A true and correct copy of Defendants' Answer is attached hereto as

24   **Exhibit 6**.

25        3.    <u>Timeliness</u>: This Notice of Removal is timely because no more than thirty (30)

26   days have elapsed since Defendants were served with a copy of the Complaint. 28 U.S.C.

27   § 1446(b);  *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999);

28        4.    <u>Venue</u>:  Venue lies in the San Francisco or Oakland Division of the United States

1   District Court for the Northern District of California in that the state complaint was filed and is

2   pending in the Superior Court of Alameda County. 28 U.S.C. §§ 1441(a), 1446(a); L.R. 3-2.

3        5.    <u>Citizenship</u>:

4         a.    Plaintiff alleges in his Complaint, that he "is and was an individual residing

5   in the State of California." (Ex. 1, ¶ 9.)  Defendants are informed and believe that Plaintiff has

6   been a citizen of the State of California, the state in which he claims to reside, before the filing of

7   his Complaint to present. *See Ehrman v. Cox Comm. Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019)

8   ("[A] defendant's allegations of citizenship may be based solely on information and belief.");

9   *McGill v. FCA US LLC*, 2021 WL 5883037, *6 (E.D. Cal. 2021) (finding the defendant showed

10  diversity of parties where the plaintiff affirmatively alleged California residency and did not allege

11  being domiciled elsewhere).

12        b.    Under 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a

13  citizen of any State in which it has been incorporated, and of the State where it has its principal

14  place of business…" Bio-Techne Sales Corporation was, and still is, a corporation incorporated

15  under the laws of the State of Minnesota and has its principal place of business in Minnesota.

16  (Simmons Decl. ¶¶ 4-5, Exs. C, D.)

17        c.    ProteinSimple, Inc. is incorporated under the laws of the State of Delaware

18  and has its principal place of business in California. (Simmons Decl., ¶¶ 2-3, Exs. A-B.)

19        d.    The citizenship of fictitious and unknown defendants is disregarded for

20  purposes of establishing removal jurisdiction under 28 U.S.C. section 1332. 28 U.S.C. §§ 1441(1),

21  (b)(1); *Fristoe v. Reynolds Metal Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants

22  are not required to join in a removal petition).

23        e.    Thus, minimal diversity under CAFA exists where, as here, Plaintiff, who is

24  a citizen of California, is diverse from Defendant Bio-Techne Sales Corporation, whose principal

25  place of business and is in Minnesota and who is incorporated in Minnesota. 28 U.S.C.

26  §§ 1332(d)(2)(A).

27       6.    <u>Amount in Controversy</u>:

28        a.    CAFA's $5,000,000 threshold for the "amount in controversy is not the

21221338.1

same as the amount ultimately recovered." *Lara v. Trimac Transp. Servs. Inc.*, No. CV 10- 4280-GHK JCx, 2010 WL 3119366, at *3 (C.D. Cal. Aug. 6, 2010). Rather, in assessing the amount in controversy, courts must "assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is what amount is put "in controversy" by the plaintiff's complaint, not what a defendant will actually owe. *Rippee v. Boston Market Corp.*, 408 F.Supp.2d 982, 986 (S.D. Cal. 2005). After all, "[t]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

      b.    The amount in controversy in CAFA cases is determined based on the aggregate value of the individual class members' claims. *See* 28 U.S.C. § 1332(d)(6). In *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014), the Supreme Court recognized that a "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." "Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.* When a defendant's calculations are "relatively conservative, made in good faith, and based on evidence whenever possible," the court may find that the "[d]efendant has established by a preponderance of the evidence that the amount in controversy exceeds $5,000,000." *Behrazfar v. Unisys Corp.*, 687 F.Supp.2d 999, 1004 (C.D. Cal. 2009).

      c.    Plaintiff brings this action on behalf of a class of "all current and former hourly-paid and/or non-exempt employees who worked for Defendants in the State of California at any time during the period from four years prior to the date of the filing of this Complaint through final judgment." (Ex. 1, ¶ 1.)

      d.    <u>Overtime</u>: Plaintiff's Second Cause of Action seeks to recover allegedly unpaid overtime compensation. Plaintiff broadly alleges that he and the putative class members "regularly worked in excess of eight (8) hours in a day, in excess of twelve (12) hours in a day, in excess of forty (40) hours in a week, and/or in excess of seven (7) consecutive days in a

workweek" and that Defendants "did not accurately record Plaintiff and the other Class Members' actual hours and intentionally and willfully failed to pay all overtime wages owed." (Ex. 1, ¶ 46.) However, Plaintiff's Complaint is devoid of any factual allegations supporting this claim and lacks any specificity, as it fails to even allege how many hours he and the putative class members worked without being compensated overtime wages. A reasonable estimate of the amount in controversy for Plaintiff's unpaid overtime wages claim is one hour of unpaid overtime per week. *Gant v. ALDI, Inc*., 2020 WL 1329909, at *5 (C.D. Cal. March 20, 2020) ("For the unpaid overtime claim, Defendants used a violation rate of one hour of unpaid overtime per week. This assumption is reasonable in light of the Complaint, whose allegations lack specificity"); *Wheatley v. MasterBrand Cabinets, LLC*, 2019 WL 688209, at *5 (C.D. Cal. Feb. 19, 2019) (finding an estimate of one hour per class member per week appropriate where Plaintiff alleged a "a pattern and practice" of overtime violations); *Patel v. Nike Retail Servs., Inc*., 58 F. Supp. 3d 1032, 1042 (N.D. Cal. 2014) (finding appropriate the assumption that each class member is owed one hour of overtime compensation per week where the complaint alleged overtime violations occurred "regularly"). So here, Defendants conservatively estimate that each potential class member worked an additional one hour of overtime for each pay period.

        e.      In this matter, there is a four-year statute of limitations for this claim. Cal. Civ. Proc. Code § 338(a); Cal. Bus. & Prof. Code § 17208. Since September 2020, ProteinSimple employed 166 non-exempt employees. (Simmons Decl., at ¶ 7.) On average, ProteinSimple employed 92 employees per year in that four-year time period. (*Id*.) During the proposed four-year class period,  92 non-exempt employees worked a total of 19,136 workweeks [92 employees x 4 years x  52 workweeks]. (*Id*. at ¶ 7.) The average hourly rate of pay for these non-exempt employees was $28.95. (*Id*.)

        f.      Conservatively estimating each employee worked at least 48[1] workweeks

---

[1] To provide a fair and accurate estimate of unpaid overtime for Plaintiff's Second Cause of Action, and for purposes of this removal only, Defendants conservatively calculate penalties based only on 48 annual workweeks between September 12, 2020 and September 12, 2024, allowing for two weeks of vacation and two weeks of sick leave.

21221338.1

each year in the applicable statute of limitations and earned one hour of overtime per workweek, per employee, a reasonable estimate of the amount in controversy for Plaintiff's unpaid overtime wages claim, is $767,147.52 (17,664 [number of workweeks]) x $43.43 [one and a half of the average hourly wage rate]).

g.    <u>Waiting Time Penalties</u>: In his Seventh Cause of Action, Plaintiff claims that he and putative class members who ended their employment with Defendants are entitled to waiting time penalties under California Labor Code section 203 for Defendants' alleged willful conduct in not paying all earned wages upon termination of employment. (Ex. 1, ¶¶ 83-86.)Under California Labor Code section 203, if an employer willfully fails to pay any wages of an employee who is discharged or who quits, the employer must continue to pay the wages of the employee, as a penalty, until the wages are paid or until an action for the wages is commenced, for a maximum of 30 days' wages. The statute of limitations for this claim is three years. *See* Cal. Labor Code § 203; *Pineda v. Bank of America, N.A*., 50 Cal.4th 1389, 1399 (2010).

h.    For the three-year time period since September 2021, a total of 64 nonexempt employees separated from employment with ProteinSimple. (Simmons Decl. ¶ 8.) The average regular hourly rate of pay for those employees was $26.24. (*Id*.) Conservatively estimating at least one violation per employee, the amount in controversy for this claim is calculated as follows: $26.24 (average hourly rate) x 8 (regularly scheduled average number of hours worked per day) x 30 (number of days) x 64 (number of terminated employees) = $403,046.40.

i.    <u>Minimum Wage</u>: In his First Cause of Action, Plaintiff claims that he and putative class members "were frequently suffered or permitted to work 'off-the-clock', such that they were not paid minimum wage for all hours worked." (Ex. 1, ¶ 35.) He seeks statutory penalties under California Labor Code section 1197.1 for these alleged violations. (Ex 1, ¶ 37; Prayer, ¶ 7.) Section 1197.1 imposes a $100 penalty for underpaid wages for an initial violation and a $250 penalty for each subsequent violation in a pay period. There is a one-year statute of limitations for this claim. Cal. Civ. Proc. Code 340.

j.    Between September 12, 2023 and September 12, 2024, ProteinSimple

21221338.1

1  employed 100 non-exempt employees and paid them bi-weekly. (Simmons Decl. ¶¶ 7, 9.)

2  Defendants conservatively estimate that each employee had at least one alleged underpayment per

3  pay period.  Therefore, the resulting penalty would be calculated as follows: $100 (initial violation

4  rate) x 100 (number of nonexempt employees) + $250 (subsequent violation rate) x 2,500 (pay

5  periods) = $635,000.00.

6      k.    Untimely Wages: In his Fifth Cause of Action, Plaintiff claims that because

7  Defendants failed to pay him and putative class members their earned overtime, minimum wages,

8  and meal and rest break premiums, Defendants did not  timely pay the all wage due, as required by

9  California Labor Code section 204. (Ex. 1, ¶ 74.) He seeks statutory penalties under California

10 Labor Code section 210 for these alleged violations. (*Id*. at ¶ 75.) Section 210 imposes a $100

11 penalty for each initial violation, and $200 for each subsequent failure to pay. There is a one-year

12 statute of limitations for this claim. Cal. Civ. Proc. Code 340.

13     l.    Between September 12,  2023 and September 12, 2024, ProteinSimple

14 employed 100 non-exempt employees. (*See* Simmons Decl., ¶ 9.) Defendants assume that each

15 employee had one alleged failure to timely pay overtime wages, minimum wages, meal break

16 premiums, or rest break premiums per pay period.  Therefore, the amount in controversy would be

17 calculated as follows: $100 (initial violation rate) x 100 (number of nonexempt employees) + $200

18 (subsequent violation rate) x 2,500 (pay periods) = $510,000.

19     m.    Meal Break Premiums: In his Third Cause of Action, Plaintiff alleges that

20 "Defendants intentionally and willfully required Plaintiff and the other Class Members to work

21 during meal periods he and failed to compensate Plaintiff and the other Class members for work

22 performed during meal periods." (Ex. 1, ¶ 56.) Plaintiff seeks to recover unpaid meal period

23 premium payments. (*Id*. at ¶ 59.) For every day an employee works five (5) or more hours and the

24 employer fails to provide a 30-minute uninterrupted meal period prior to their fifth of work, or

25 works ten (10) or more hours and the employer fails to provide a second 30-minute uninterrupted

26 meal period, the employee is entitled to a premium payment equal to a full hour of pay at the

27 employee's regular rate of pay. Lab. Code § 226.7(c).

28     n.    In this matter, there is a four-year statute of limitations for this claim. Cal.

Civ. Proc. Code § 338(a); Cal. Bus. & Prof. Code § 17208. As noted above, ProteinSimple employed 92 non-exempt employees on average for the four-year time period of September 2020 to September 2024. (Simmons Decl., ¶ 7.) Accordingly, there were approximately 88,320 work shifts over those four years. The average rate of pay for all putative class members over those four years was $28.95. (Simmons Decl., ¶ 7.) Conservatively assuming that 92 employees worked 48[2] workweeks per year with five work shifts per week, there would be 88,320 work shifts. Conservatively estimating, a 40% violation rate (i.e., 35,328 work shifts with a violation), the amount in controversy on this claim approximately $1,022,745.60 ($28.95/hour x 35,328 shifts).[3]

       o.    <u>Rest Break Premiums</u>. In his Fourth Cause of Action, Plaintiff alleges that Defendants "routinely required Plaintiff and the other Class Members to work three and one-half (3 ½) or more hours without authorizing or permitting a compliant ten (10) minute rest period…" and "failed to pay the full rest period premium due to them." (*Id*. at ¶¶ 64, 68.) Plaintiff seeks to recover unpaid rest period premium payments. (*Id*. at ¶ 69.) For every day an employee works three and a half (3.5) or more hours and the employer fails to provide at least a 10-minute uninterrupted rest period, or works six (6) or more hours and the employer fails to provide a second at least 10-minute uninterrupted rest period, the employee is entitled to a premium payment equal to a full hour of pay at the employee's regular rate of pay. Lab. Code § 226.7(c).

       p.    In this matter, there is a four-year statute of limitations for this claim. Cal. Civ. Proc. Code § 338(a); Cal. Bus. & Prof. Code § 17208. As noted above, ProteinSimple employed 92 non-exempt employees on average for the four-year time period of September 2020 to September 2024. (Simmons Decl., ¶ 7.) Accordingly, there were approximately 88,320 work shifts over those four years. The average rate of pay for all putative class members over those four

---

[2] Again, Defendants conservatively calculate the amount in controversy based only on 48 annual workweeks, allowing for two weeks of vacation and two weeks of sick leave.

[3] Defendants assume a 40% violation rate for its amount in controversy calculation. The removing defendant need not prove that it "actually violated the law at the assumed rate." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019); *Avila v. Rue21, Inc.*, 432 F. Supp. 3d 1175, 1189 (E.D. Cal. 2020) (finding "violation rate of 40%—a median between 25% and 60%—to be reasonable" given "pattern and practice" allegation).

21221338.1

1    years was $28.95. (*Id*. at ¶ 7.) Conservatively estimating 48 workweeks[4] per year with five work

2    shifts per week, per employee, there would be 88,320 work shifts. Conservatively estimating, a

3    40% violation rate (i.e., 35,328 work shifts with a violation), the amount in controversy on this

4    claim approximately $1,022,745.60 ($28.95/hour x 35,328 shifts).

5            q.   <u>Wage Statements</u>. In his Sixth Cause of Action, Plaintiff alleges Defendants

6    "intentionally and willfully" failed to provide complete and accurate wage statements to Plaintiff

7    and the putative class members. (Ex. 1, ¶ 78.) This claim has a one-year statute of limitations. Cal.

8    Civ. Proc. Code 340. Under Labor Code section 226 (e), an employee suffering an injury as a

9    result of an employer's "knowing and intentional" failure to issue compliant wage statements, is

10    entitled to recover $50 for the initial pay period in which a violation occurs, and $100 per

11    employee for each violation in a subsequent pay period, but not to exceed an aggregate penalty of

12    $4,000.

13            r.   Between September 12, 2023 and September 12, 2024, ProteinSimple

14    employed 100 non-exempt employees. (Simmons Decl., ¶ 9.) Based on the Complaint allegations,

15    Defendants conservatively estimate that each employee had one alleged failure to state all hours

16    worked, gross wages earned, meal break premiums earned, rest break premiums earned, or the

17    correct rates of pay on at least one wage statement violation per pay period. Therefore, the

18    resulting penalty, would be: $50 (initial violation rate) x 100 (number of nonexempt employees) +

19    $100 (subsequent violation rate) x 2,500 (pay periods) = $255,000.

20            s.   <u>Attorneys' Fees</u>.  Attorney's fees may also be included in the amount in

21    controversy where the underlying statute authorizes an award of fees. *Lowdermilk v. U.S. Bank*

22    *Nat'l Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007) *overruled on other grounds by Rodriguez v. AT&T*

23    *Mobility Services LLC*, 728 F.3d 975, 977 (9th Cir. 2013). Here, Plaintiff is seeking attorney's

24    fees. (Ex. 1, Prayer.) The Ninth Circuit has recognized 25% as an appropriate benchmark for

25    attorney's fee awards in class action cases. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029

26    (9th Cir. 1998). Under that benchmark, and based on the demonstrated amount in controversy

27    

28    _____
[4] See footnote 2.

21221338.1

1   shown above, it is reasonable to place the attorneys' fees at 25% of the alleged amount in

2   controversy, which would equal: $1,153,921,28.

3           t.     In addition, there are other factors that will only further increase the amount

4   in controversy, including Plaintiff's claim that "Plaintiff and the other Class Members are entitled

5   to recover from Defendants their business-related expenses and costs incurred during the course

6   and scope of employment." (Ex. 1, ¶ 90.)

7           u.     Plaintiff additionally requests injunctive relief to ensure compliance with

8   the alleged California Labor Code violations of which he complains. (Ex. 1, Prayer.) Defendants

9   have not yet quantified the costs of compliance with any such injunction, this would also increase

10   the amount in controversy. *In re Ford Motor Co. v. Citibank*, 264 F.3d 952, 958 (9th Cir. 2011),

11   see also *Pagel v. Dairy Farmers of Am., Inc*., 986 F.Supp.2d 1151, 1159, 1161 (C.D. Cal. 2013)

12   [cost of complying with injunction may be aggregated for CAFA purposes].)

13           v.     Plaintiff's Complaint also seeks "for such other and further relief as the

14   Court may deem just and proper." Ex. 1, ¶¶ 11, 16, 22, 27, 30, 35, 40, 45. Although uncertain in

15   amount, this open-ended relief sought by Plaintiff only serves to increase the amount in

16   controversy. *See, Lewis v. Exxon Mobil Corp*., 348 F. Supp. 2d 932, 932-34 (W.D. Tenn. 2004)

17   [the "open-ended" relief sought by plaintiff, who prayed for "judgment to be determined by a jury,

18   for all incidental, consequential, compensatory and punitive damages" established that her case

19   met the amount in controversy requirement even though she pled in the complaint that she did not

20   assert a claim in excess of $75,000].

21           w.     Without taking these additional factors into account, the amount in

22   controversy is $5,769,606.40 – well above the required $5,000,000 required for the a CAFA

23   removal. 28 U.S.C § 1332(d)(6).

24        7.    <u>State Court Documents</u>:  Under 28 U.S.C. § 1446(a), Defendants have included

25   with this Notice of Removal a "copy of all process, pleadings, and orders served upon" it.  A true

26   and correct copy of the following documents are attached and incorporated by reference:

27           a.     Complaint, filed September 12, 2024 (**Exhibit 1**);

28           b.     Summons, filed September 12, 2024 (**Exhibit 2**);

21221338.1

1           c.       Civil Case Cover Sheet, filed September 12, 2024 (**Exhibit 3**); and

2           d.       Notice of Case Management Conference, filed September 12, 2024

3 (**Exhibit 4**).

4           e.       Proofs of Service of Summons, filed September 18, 2024 (**Exhibit 5**).

5           f.       Defendants ProteinSimple and Bio-Techne Sales Corporation's Answer to

6 Class Action Complaint, filed October 15, 2024 (**Exhibit 6**).

7       8.    <u>Filing with State Court</u>: A copy of this Notice of Removal will be filed with the

8 Clerk of the Superior Court of the State of California for the County of Alameda, in accordance

9 with 28 U.S.C. § 1446(d).

10      9.    <u>Service</u>: A true and correct copy of this Notice of Removal has been or will be

11 promptly served on all parties, as required by 28 U.S.C. § 1446(d).

12     WHEREFORE, Defendants respectfully request that this action proceed against them in

13 this Court as an action properly removed.

14

15 DATED:  October 17, 2024                HANSON BRIDGETT LLP

16

17               By:          */s/ Lisa M. Pooley*

18                         LISA M. POOLEY

19                     MATTHEW B. SEIPEL

                          JENNIFER A. PUZA

20                    Attorneys for Defendants

21                    PROTEINSIMPLE and
                 BIO-TECHNE SALES CORPORATION

22

23

24

25

26

27

28

DEFENDANTS PROTEINSIMPLE AND BIO-TECHNE SALES CORPORATION'S NOTICE OF REMOVAL

21221338.1

# EXHIBIT 1

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
**09/12/2024 at 01:08:30 PM**
By: Damaree Franklin,
Deputy Clerk

Jonathan M. Genish (State Bar No. 259031)
Karen I. Gold (State Bar No. 258360)
kgold@blackstonepc.com
Ashley H. Cruz (State Bar No. 306235)
acruz@blackstonepc.com
Marissa A. Mayhood (State Bar No. 334376)
mmayhood@blackstonepc.com
**BLACKSTONE LAW, APC**
8383 Wilshire Boulevard, Suite 745
Beverly Hills, California 90211
Telephone: (310) 622-4278 / Facsimile: (855) 786-6356

*Attorneys for* Plaintiff JUAN CARRILLO,
individually, and on behalf of other similarly
situated employees

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF ALAMEDA

JUAN CARRILLO, individually, and on behalf of other similarly situated employees,

      Plaintiff,

  vs.

PROTEINSIMPLE;    BIO-TECHNE    SALES CORPORATION;    and    DOES    1    through    25, inclusive,

      Defendants.

Case No.:    24CV091274

**CLASS ACTION COMPLAINT**

(1) **Violation of Cal. Labor Code §§ 1194, 1197, and 1197.1 (Minimum Wages)**

(2) **Violation of Cal. Labor Code §§ 510 and 1198 (Unpaid Overtime)**

(3) **Violation of Cal. Labor Code §§ 226.7 and 512(a) (Meal Break Violations)**

(4) **Violation of Cal. Labor Code § 226.7 (Rest Break Violations)**

(5) **Violation of Cal. Labor Code §§ 204 and 210 (Wages Not Timely Paid During Employment)**

(6) **Violation of Cal. Labor Code § 226(a) (Wage Statement Violations)**

(7) **Violation of Cal. Labor Code §§ 201, 202, and 203 (Untimely Final Wages)**

(8) **Violation of Cal. Labor Code §§ 2800 and 2802 (Failure to Reimburse Necessary Business Expenses)**

(9) **Violation of Cal. Business & Professions Code §§ 17200, *et seq.***

**DEMAND FOR JURY TRIAL**

Plaintiff JUAN CARRILLO ("Plaintiff"), individually, and on behalf of other similarly situated employees, alleges as follows against Defendant(s) PROTEINSIMPLE, BIO-TECHNE SALES CORPORATION, and DOES 1 through 25, inclusive (collectively, "Defendants"):

## INTRODUCTION

1.      This is a class action to recover damages on behalf of Plaintiff and all current and former hourly-paid and/or non-exempt employees who worked for Defendants in the State of California at any time during the period from four years prior to the date of the filing of this Complaint through final judgment ("Class Members").

2.      Plaintiff alleges that Defendants hired Plaintiff and Class Members but, among other things, failed to properly pay them all wages owed for all time worked (including minimum wages, straight time wages, and overtime wages), failed to provide them with all meal periods and rest periods and associated premium wages to which they were entitled, failed to timely pay them all wages due during their employment, failed to timely pay them all wages due upon termination of their employment, failed to provide them with accurate itemized wage statements, and failed to reimburse them for necessary business expenses.

3.      As a result, Defendants violated, *inter alia*, California Labor Code sections 201, 202, 203, 204, 226(a), 226.7, 510, 512(a), 1194, 1197, 1197.1, 1198, 2800, and 2802, and the applicable Industrial Welfare Commission ("IWC") Wage Order. Through this action, Plaintiff seeks to recover all available remedies including but not limited to actual and liquidated damages and attorney's fees and costs.

## JURISDICTION AND VENUE

4.      This is a class action lawsuit brought pursuant to California Code of Civil Procedure section 382.

5.      The monetary damages, restitution, statutory penalties, and other applicable legal and equitable relief sought by Plaintiff exceed the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial.

6.      This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, section 10, which grants the superior court "original jurisdiction in all other causes" except

**CLASS ACTION COMPLAINT**

1   those given by statute to other courts. The statutes under which this action is brought do not specify

2   any other basis for jurisdiction.

3       7.      This Court has jurisdiction over all Defendants because, upon information and belief,

4   Defendants are either citizens of California, have sufficient minimum contacts in California, and/or

5   otherwise intentionally avail themselves of the California market so as to render the exercise of

6   jurisdiction over them by the California courts consistent with traditional notions of fair play and

7   substantial justice. Further, no federal question is at issue because the claims asserted herein are based

8   solely on California law.

9       8.      Venue is proper in this Court because, upon information and belief, Defendants

10  maintain offices, have agents, employ individuals, and/or transact business in the State of California,

11  County of Alameda, including at 5980 Horton Street, Suite 360, Emeryville, CA 94608 and 3001

12  Orchard Pkwy, San Jose, CA 95134.

13  **THE PARTIES**

14      9.      At all times herein mentioned, Plaintiff JUAN CARILLO is and was an individual

15  residing in the State of California.

16      10.     At all times herein mentioned, Defendant PROTEINSIMPLE was and is an employer

17  who does business in California, with locations throughout the State of California, and whose

18  employees are engaged throughout the State of California.

19      11.     At all times herein mentioned, Defendant BIO-TECHNE SALES CORPORATION

20  was and is an employer who does business in California, with locations throughout the State of

21  California, and whose employees are engaged throughout Alameda County and the State of California,

22  including at 5980 Horton Street, Suite 360 Emeryville, CA 94608 and 3001 Orchard Pkwy, San Jose,

23  CA 95134.

24      12.     Plaintiff is unaware of the true names or capacities of the Defendants sued herein under

25  the fictitious names DOES 1 through 25 but will seek leave of this Court to amend the Complaint and

26  serve such fictitiously named Defendants once their names and capacities become known.

27      13.     Plaintiff is informed and believes, and thereon alleges, that the acts and omissions

28  alleged herein were performed by, or are attributable to defendant(s) PROTEINSIMPLE, BIO-

TECHNE SALES CORPORATION, and/or DOES 1 through 25, each acting as the agent, employee, alter ego, and/or joint venturer of, or working in concert with, each of the other co-Defendants and within the course and scope of such agency, employment, joint venture, or concerted activity with legal authority to act on the others' behalf. The acts of Defendants represent and were in accordance with Defendants' official policies.

14.     At all relevant times, Defendants were the employers of Plaintiff within the meaning of all applicable state laws and statutes. Defendants directly or indirectly controlled or affected the working conditions, wages, working hours, and conditions of employment of Plaintiff so as to make each of said Defendants employers and employers liable under the statutory provisions set forth herein.

15.     Defendants had the authority to hire and terminate Plaintiff and the other Class Members, to set work rules and conditions governing Plaintiff and the other Class Members' employment, and to supervise their daily employment activities.

16.     Defendants exercised sufficient authority over the terms and conditions of Plaintiff and the other Class Members' employment for them to be joint employers of Plaintiff and the other Class Members.

17.     Defendants directly hired and paid wages to Plaintiff and the other Class Members.

18.     Defendants continue to employ hourly paid and/or non-exempt employees within the State of California.

19.     At all relevant times, Defendants, and each of them, ratified each act or omission complained of herein. At all relevant times, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

20.     Plaintiff is informed and believes, and thereon alleges, that each Defendant is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

## **GENERAL ALLEGATIONS**

21.     Plaintiff JUAN CARILLO worked for Defendants from approximately January 2022 through approximately February 2024 as a Service Technician. Defendants jointly and severally employed JUAN CARILLO. JUAN CARILLO performed various duties for Defendants including,

among other things, repairing biomedical equipment.

22.    Plaintiff is informed and believes, and thereon alleges, that Defendants engaged in a pattern and practice of wage abuse against their hourly-paid and/or non-exempt employees. As set forth in more detail below, this pattern and practice of wage abuse involved, *inter alia*, requiring Plaintiff and the other Class Members to work off-the-clock without compensation, failing to properly pay wages for all hours worked, failing to provide all meal and rest breaks to which they were entitled and failing to pay meal and rest break premiums when due, failing to timely pay wages during employment and upon termination of employment, failing to provide accurate wage statements, failing to reimburse necessary business-related expenses, and failing to adhere to other related protections afforded by the California Labor Code and the applicable IWC Wage Order.

23.    Defendants knew or should have known that they had a duty to compensate Plaintiff and the other Class Members pursuant to California law. Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so to increase Defendants' profits.

## CLASS ACTION ALLEGATIONS

24.    Plaintiff brings this lawsuit as a class action on behalf of Plaintiff and all others similarly situated, as members of a proposed class pursuant to California Code of Civil Procedure section 382. The class satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements under California Code of Civil Procedure section 382.

25.    The proposed **Class** is defined as follows:

**All current and former hourly-paid and/or non-exempt employees who worked for Defendants in the State of California at any time during the period from four years prior to the date of the filing of this Complaint through final judgment.**

26.    The proposed **Former Employee Sub-Class** is defined as follows:

**All former hourly-paid and/or non-exempt employees who worked for Defendants in the State of California at any time during the period from four years prior to the date of the filing of this**

CLASS ACTION COMPLAINT

1      **Complaint through final judgment.**

2      27.     Plaintiff reserves the right to establish additional subclasses as appropriate.

3      28.     There is a well-defined community of interest in this litigation and the Class is easily

4   ascertainable. While the exact number and identities of Class Members are currently unknown to

5   Plaintiff, such information can be ascertained through appropriate discovery from records maintained

6   by Defendants and their agents.

7      29.     The Class is so numerous that the individual joinder of all its members is impracticable.

8      30.      Common questions of fact and law exist as to all Class Members, which predominate

9   over any questions affecting only individual members of the Class. The common legal and factual

10  questions which do not vary from Class Member to Class Member, and which may be determined

11  without reference to the individual circumstances of any Class Member include the following:

12         i.   Whether Defendants had a policy and practice of failing to pay minimum wages to
13              Plaintiff and the other Class Members for all hours worked;

14        ii.   Whether Defendants had a policy and practice of failing to pay overtime wages to
15              Plaintiff and the other Class Members for all overtime hours worked;

16       iii.   Whether Defendants had a policy and practice of failing to provide meal periods to
17              Plaintiff and the other Class Members;

18        iv.   Whether Defendants had a policy and practice of failing to provide rest periods to
19              Plaintiff and the other Class Members;

20         v.   Whether Defendants failed to pay their hourly-paid and/or non-exempt employees in
21              the State of California for all hours worked, and for all missed, short, late, and/or
22              interrupted meal periods and rest breaks;

23        vi.   Whether Defendants failed to timely pay all wages due to Plaintiff and the other Class
24              Members during their employment;

25       vii.   Whether Defendants' failure to pay wages, without abatement or reduction, in
26              accordance with the California Labor Code, was willful;

27      viii.   Whether Defendants failed to pay all wages due to Plaintiff and the other Class
28              Members within the required time upon their discharge or resignation;

ix.    Whether Defendants failed to comply with wage reporting as required by the California Labor Code, including, *inter alia*, section 226;

x.    Whether Defendants failed to reimburse Plaintiff and the other Class Members for necessary business-related expenses and costs;

xi.    Whether Defendants' conduct was willful or reckless;

xii.    Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code section 17200, *et seq*.;

xiii.    The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violation of California law; and

xiv.    Whether Plaintiff and the other Class Members are entitled to compensatory damages pursuant to the California Labor Code.

31.    Plaintiff's claims are typical of the claims of the Class, and Plaintiff's interests are coincident with and not antagonistic to those of the other Class Members Plaintiff seeks to represent. Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has retained attorneys experienced in the prosecution of class actions and Plaintiff intends to prosecute this action vigorously.

32.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy since individual litigation of the claims of all Class Members is impracticable. Even if every Class Member could afford individual litigation, the court system could not. It would be unduly burdensome on the courts in which individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for varying, inconsistent, and/or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual and legal issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class Member.

33.    Certification of this lawsuit as a class action will advance public policy objectives. Employers of this great state violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. However, class

actions provide the Class Members who are not named in the complaint anonymity that allows for the vindication of their rights.

**FIRST CAUSE OF ACTION**

**VIOLATION OF CAL. LABOR CODE §§ 1194, 1197, AND 1197.1**

**Failure to Pay Minimum Wage**

**(Against All Defendants)**

34.     Plaintiff incorporates by reference the allegations in all preceding paragraphs.

35.     California Labor Code sections 1194, 1197, and 1197.1 provide that the minimum wage for employees fixed by the Industrial Welfare Commission is the minimum wage to be paid to employees, and the payment of a wage less than the minimum so fixed is unlawful. Plaintiff and the other Class Members were frequently suffered or permitted to work "off-the-clock", such that they were not paid minimum wage for all hours worked.

36.     Such "off-the-clock" work that Plaintiff and the other Class Members were suffered and/or permitted to work, and for which Plaintiff and the other Class Members did not receive minimum wage include, *inter alia*: responding to emails in between shifts and performing regular job duties prior to clocking-in and/or after clocking-out for their shifts.

37.     Accordingly, Defendants regularly failed to pay at least minimum wages to Plaintiff and the other Class Members for all hours they worked in violation of California Labor Code sections 1194, 1197, and 1197.1.

38.     Defendants knew or should have known that Plaintiff and the other Class Members were performing such work "off-the-clock" because, among other things, Defendants' management witnessed, authorized, was made aware of, and/or required Plaintiff and Class Members to perform such work.

39.     Defendants' failure to pay Plaintiff and the other Class Members the minimum wage as required violates California Labor Code sections 1194, 1197, and 1197.1. Pursuant to those sections, Plaintiff and the other Class Members are entitled to recover the unpaid balance of their minimum wage compensation, as well as interest, costs, and attorney's fees.

40.     Pursuant to California Labor Code section 1194.2, Plaintiff and the other Class

**CLASS ACTION COMPLAINT**

Members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

## SECOND CAUSE OF ACTION

### VIOLATION OF CAL. LABOR CODE §§ 510 AND 1198

**Unpaid Overtime**

**(Against All Defendants)**

41.    Plaintiff incorporates by reference the allegations in all preceding paragraphs.

42.    California Labor Code section 1198 and the applicable IWC Wage Order provide that it is unlawful to employ persons for extended periods of time without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily and/or weekly basis.

43.    Specifically, the applicable IWC Wage Order provides that Defendants were required to pay Plaintiff and the other Class Members at the rate of time-and-one-half for all hours worked in excess of eight (8) hours in a day, in excess of forty (40) hours in a week, and/or in excess of the first eight (8) hours worked on the seventh consecutive day in a workweek.

44.    The applicable IWC Wage Order further provides that Defendants were required to pay Plaintiff and the other Class Members overtime compensation at a rate of two (2) times their regular rate of pay for all hours worked in excess of twelve (12) hours in a day and/or for all hours worked in excess of eight (8) hours on the seventh consecutive day in a workweek.

45.    California Labor Code section 510 codifies the right to overtime compensation at one-and-one half times the regular hourly rate for hours worked in excess of eight (8) hours in a day, in excess of forty (40) hours in a week, and/or in excess of the first eight (8) hours worked on the seventh consecutive day in a workweek, and to overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

46.    Plaintiff and the other Class Members regularly worked in excess of eight (8) hours in a day, in excess of twelve (12) hours in a day, in excess of forty (40) hours in a week, and/or in excess of seven (7) consecutive days in a workweek. However, Defendants did not accurately record Plaintiff

and the other Class Members' actual hours worked and intentionally and willfully failed to pay all overtime wages owed to Plaintiff and the other Class Members. Defendants' failure to pay correct overtime wages included, *inter alia*: (a) when the combined total of the off-the-clock work discussed *supra* and the on-the-clock work exceed the number of hours that trigger the payment of overtime wages under California Labor Code sections 510 and 1198 and/or the applicable IWC Wage Order; (b) when Defendants intentionally, willfully, and/or negligently mischaracterized overtime as straight time; (c) when Defendants assigned more work than could reasonably be completed in a workday or workweek to Plaintiff and Class Members, but refused to authorize the overtime necessary for them to complete the assigned work; and (d) when Defendants failed to include all required wages and renumeration when calculating setting the overtime rate.

47.     Defendants' failure to pay Plaintiff and the other Class Members as outlined above violates California Labor Code sections 510 and 1198 and the applicable IWC Wage Order and is therefore unlawful.

48.     Pursuant to California Labor Code section 1194, Plaintiff and the other Class Members are entitled to recover their unpaid overtime compensation, and interest, costs, and attorneys' fees.

## THIRD CAUSE OF ACTION

### VIOLATION OF CAL. LABOR CODE §§ 226.7 AND 512(a)

**Meal Break Violations**

**(Against All Defendants)**

49.     Plaintiff incorporates by reference the allegations in all preceding paragraphs.

50.     California Labor Code sections 226.7 and 512(a) and the applicable IWC Wage Order govern Plaintiff and the other Class Members' employment by Defendants.

51.     California Labor Code section 226.7 provides that no employer shall require an employee to work during any meal period mandated by an applicable IWC Order.

52.     The applicable IWC Wage Order and California Labor Code section 512(a) provide that an employer may not require, cause, or permit an employee to work for a period of more than five (5) hours per day without providing the employee with an uninterrupted meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six

**CLASS ACTION COMPLAINT**

(6) hours, the meal period may be waived by mutual consent of both the employer and the employee.

53.     The applicable IWC Wage Order and California Labor Code section 512(a) further provide that an employer may not require, cause, or permit an employee to work a work period of more than ten (10) hours per day without providing the employee with a second uninterrupted meal period of not less than thirty (30) minutes, except if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

54.     Plaintiff and the other Class Members who were scheduled to work for shifts no longer than six (6) hours, and who did not waive their legally mandated meal periods by mutual consent, were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes.

55.     Plaintiff and the other Class Members who were scheduled to work for shifts in excess of ten (10) hours but no longer than twelve (12) hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work for periods longer than ten (10) hours without a second uninterrupted meal period of not less than thirty (30) minutes.

56.     Defendants intentionally and willfully required Plaintiff and the other Class Members to work during meal periods and failed to compensate Plaintiff and the other Class Members for work performed during meal periods. This includes, among other things, requiring Plaintiff and Class Members to work through their lunch breaks, permitting and/or requiring Plaintiff and Class Members to take late lunch breaks, permitting and/or requiring Plaintiff and Class Members to take short lunch breaks, interrupting and/or allowing others to interrupt Plaintiff and Class Members during their lunch breaks, failing to relieve Plaintiff and Class Members of all duties during their lunch breaks, and restricting Plaintiff and Class Members from leaving the premises during their lunch breaks.

57.     During the relevant time period, Defendants failed to pay Plaintiff and the other Class Members all meal period premiums due pursuant to California Labor Code section 226.7 and 512 and the applicable IWC Wage Order. Defendants failed to include all required wages and renumeration, including non-discretionary commissions, non-discretionary bonuses, and non-discretionary performance pay, when calculating regular rates of pay for meal period premiums and/or merely using

straight time pay to calculate regular rates of pay for meal period premiums.

58.     Defendants' conduct therefore violates the applicable IWC Wage Order and California Labor Code sections 226.7 and 512(a).

59.     Pursuant to the applicable IWC Wage Order and California Labor Code section 226.7(b), Plaintiff and the other Class Members are entitled to recover from Defendants one additional hour of pay at their regular rate of compensation for each workday that a compliant meal period was not provided as well as interest thereon.

## FOURTH CAUSE OF ACTION

### VIOLATION OF CAL. LABOR CODE § 226.7

### Rest Break Violations

### (Against All Defendants)

60.     Plaintiff incorporates by reference the allegations in all preceding paragraphs.

61.     California Labor Code section 226.7 and the applicable IWC Wage Order govern Plaintiff and the other Class Members' employment by Defendants.

62.     California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

63.     The applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3½) hours."

64.     Defendants routinely required Plaintiff and the other Class Members to work three and one-half (3 ½) or more hours without authorizing or permitting a compliant ten (10) minute rest period per each four (4) hour period, or major fraction thereof, worked.

65.     Moreover, Defendants willfully required, suffered, and permitted Plaintiff and the other Class Members to work during what should have been their rest periods. Defendants also failed to relieve Plaintiff and the other Class Members of all duties for ten (10) minutes as required for compliant rest breaks.

66.    As a result, Plaintiff worked through rest periods, took late rest periods, took interrupted rest periods, and/or took short rest periods, if at all.

67.    Pursuant to the applicable IWC Wage Order and California Labor Code section 226.7(b), Plaintiff and the other Class Members were entitled to recover from Defendants one (1) additional hour of pay at their regular hourly rate of compensation for each workday that compliant rest period(s) were not provided.

68.    Defendants had no policy or practice to pay a premium when rest periods were missed, short, late, and/or interrupted, or otherwise failed to comply with California law, and thus Defendants failed to pay Plaintiff and the other Class Members the full rest period premium due to them in violation of California Labor Code section 226.7 and the applicable IWC Wage Order. Defendants failed to include all required wages and renumeration, including non-discretionary commissions, non-discretionary bonuses, and non-discretionary performance pay, when calculating regular rates of pay for rest period premiums and/or merely using straight time pay to calculate regular rates of pay for rest period premiums.

69.    Pursuant to the applicable IWC Wage Order and California Labor Code section 226.7(c), Plaintiff and the other Class Members are entitled to recover from Defendants one additional hour of pay at their regular rate of compensation for each workday compliant rest period(s) were not provided as well as interest thereon.

## FIFTH CAUSE OF ACTION

### VIOLATION OF CAL. LABOR CODE §§ 204 AND 210

### Wages Not Timely Paid During Employment

### (Against All Defendants)

70.    Plaintiff incorporates by reference the allegations in all preceding paragraphs.

71.    California Labor Code section 204 provides that all wages earned by any person in any employment between the 1st and 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and 26th day of the month during which the labor was performed.

72.    California Labor Code section 204 provides that all wages earned by any person in any

**CLASS ACTION COMPLAINT**

1   employment between the 16th and the last day, inclusive, of any calendar month, other than those

2   wages due upon termination of an employee, are due and payable between the 1st and the 10th day of

3   the following month.

4        73.    California Labor Code section 204 provides that all wages earned for labor in excess

5   of the normal work period shall be paid no later than the payday for the next regular payroll period.

6        74.    As a result of the violations set forth in detail above (failure to pay overtime, failure to

7   pay minimum wages, meal break violations, and rest break violations), Defendants intentionally and

8   willfully failed to timely pay Plaintiff and the other Class Members all wages due to them within the

9   period permissible under California Labor Code section 204.

10       75.    Plaintiff and the other Class Members are entitled to recover all available remedies for

11   Defendants' violations of California Labor Code section 204, including statutory penalties pursuant to

12   California Labor Code section 210(b).

13                          **SIXTH CAUSE OF ACTION**

14                   **VIOLATION OF CAL. LABOR CODE § 226(a)**

15                        **Wage Statement Violations**

16                        **(Against All Defendants)**

17       76.    Plaintiff incorporates by reference the allegations in all preceding paragraphs.

18       77.    At all material times set forth herein, California Labor Code section 226(a) provides

19   that every employer shall furnish each of its employees an accurate itemized wage statement in writing,

20   including, but not limited to, the name and address of the legal entity that is the employer, total hours

21   worked, and all applicable hourly rates.

22       78.    As a result of the violations set forth in detail above (failure to pay overtime, failure to

23   pay minimum wages, meal break violations, and rest break violations), Defendants intentionally and

24   willfully failed to provide Plaintiff and the other Class Members with complete and accurate wage

25   statements. The deficiencies include, among other things, the failure to state all hours worked, the

26   failure to state the actual gross wages earned, the failure to include meal and rest break premiums, and

27   the failure to include correct rates of pay. Accordingly, Defendants violated California Labor Code

28   226(a).

**CLASS ACTION COMPLAINT**

79. As a result of Defendants' violation of California Labor Code section 226(a), Plaintiff and the other Class Members have suffered injury and damage to their statutorily protected rights.

80. Specifically, Plaintiff and the other Class Members have been injured by Defendants' intentional violation of California Labor Code section 226(a) because they were denied both their legal right to receive, and their protected interest in receiving accurate, itemized wage statements under California Labor Code section 226(a). In addition, because Defendants failed to provide the accurate number of total hours worked on wage statements, Plaintiff and the other Class Members have been prevented by Defendants from determining if all hours worked were paid and the extent of the underpayment. Plaintiff had to file this lawsuit, and will further have to conduct discovery, reconstruct time records, and perform computations in order to analyze whether in fact Plaintiff and the other Class Members were paid correctly and the extent of the underpayment, thereby causing Plaintiff to incur expenses and lost time. Plaintiff would not have had to engage in these efforts and incur these costs had Defendants provided the accurate number of total hours worked. This has also delayed Plaintiff's ability to demand and recover the underpayment of wages from Defendants.

81. Plaintiff and the other Class Members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars ($4,000).

## SEVENTH CAUSE OF ACTION

### VIOLATION OF CAL. LABOR CODE §§ 201, 202, AND 203

### Untimely Final Wages

### (Against All Defendants)

82. Plaintiff incorporates by reference the allegations in all preceding paragraphs.

83. Pursuant to California Labor Code sections 201, 202, and 203, Defendants are required to timely pay all earned and unpaid wages to an employee who is discharged. California Labor Code section 201 mandates that if an employer discharges an employee, the employee's wages accrued and unpaid at the time of discharge are due and payable immediately. California Labor Code section 202 mandates that if an employee quits, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours' notice of

his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

84.     California Labor Code section 203 provides that if an employer willfully fails to pay, in accordance with California Labor Code sections 201 and 202, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than thirty (30) days.

85.     As a result of the violations set forth in detail above (failure to pay overtime, failure to pay minimum wages, meal break violations, and rest break violations), at the time that Plaintiff and the other Class Members' employment with Defendants ended, Defendants knowingly and willfully failed to pay them all wages owed to them pursuant to California Labor Code sections 201 and 202, including, without limitation, overtime wages, minimum wages, meal period premium wages, and rest period premium wages, and all wages due to Plaintiff and Class Members as they became due, as required per California Labor Code section 204.

86.     As a result, Plaintiff and the other Class Members are entitled to all available statutory penalties, including the waiting time penalties provided in California Labor Code section 203, together with interest thereon, as well as other available remedies.

## EIGHTH CAUSE OF ACTION

### VIOLATION OF CAL. LABOR CODE §§ 2800 AND 2802

### Failure to Reimburse Necessary Business Expenses

### (Against All Defendants)

87.     Plaintiff incorporates by reference the allegations in all preceding paragraphs.

88.     Pursuant to California Labor Code sections 2800 and 2802, an employer must reimburse its employees for all necessary expenditures incurred by the employee in direct consequence of the discharge of the employee's job duties or in direct consequence of the employee's job duties or in direct consequence of the employee's obedience to the directions of the employer.

89.     Plaintiff and the other Class Members incurred necessary business-related expenses and costs that were not fully reimbursed by Defendants.

90.    Defendants intentionally and willfully failed to reimburse Plaintiff and the other Class Members for all necessary business-related expenses and costs. Plaintiff and the other Class Members are entitled to recover from Defendants their business-related expenses and costs incurred during the course and scope of employment, plus interest accrued from the date on which Plaintiff and the other Class Members incurred the necessary expenditures at the same rate as judgments in civil actions in the State of California.

### NINTH CAUSE OF ACTION

**VIOLATION OF CAL. BUSINESS & PROFESSIONS CODE §§ 17200, *ET. SEQ*.**

**Unfair and Unlawful Business Practices**

**(Against All Defendants)**

91.    Plaintiff incorporates by reference the allegations in all preceding paragraphs.

92.    Each and every one of Defendants' acts and omissions in violation of the California Labor Code and/or the applicable IWC Wage Order as alleged in this Complaint, including but not limited to Defendants' failure and refusal to pay overtime compensation, Defendants' failure and refusal to pay minimum wages, Defendants' failure and refusal to provide required meal periods and/or pay meal period premiums, Defendants' failure and refusal to provide required rest periods and/or pay the required rest break premiums, Defendants' failure and refusal to timely pay wages at the correct rate during employment, Defendants' failure and refusal to furnish accurate itemized wage statements, Defendants' failure and refusal to reimburse business-related expenses and costs, and Defendants' failure and refusal to timely pay wages upon termination constitutes unfair and unlawful business practices under California Business and Professions Code sections 17200, *et seq*.

93.    Defendants' violations of California wage and hour laws constitute unfair and unlawful business practices because, among other things, they were done repeatedly over a significant period of time, and in a systematic manner, to the detriment of Plaintiff and the other Class Members.

94.    Defendants have avoided payment of overtime wages, minimum wages, meal period premiums, rest period premiums, timely wages at the correct rate of pay, and other benefits as required by the California Labor Code, the California Code of Regulations, and the applicable IWC Wage Order. Further, Defendants have failed to record, report, and pay the correct sums of assessment to the

1    state authorities under the California Labor Code and other applicable regulations.

2    95.    As a result of Defendants' unfair and unlawful business practices, Defendants have

3    reaped unfair and illegal profits during Plaintiff and the other Class Members' tenure at the expense

4    of Plaintiff, the other Class Members, and members of the public. Defendants should be made to

5    disgorge their ill-gotten gains and to restore them to Plaintiff and the other Class Members.

6    96.    Defendants' unfair and unlawful business practices entitle Plaintiff and the other Class

7    Members to seek preliminary and permanent injunctive relief, including but not limited to orders that

8    Defendants account for, disgorge, and restore to Plaintiff and the other Class Members the wages and

9    other compensation unlawfully withheld from them. Plaintiff and the other Class Members are entitled

10    to restitution of all monies to be disgorged from Defendants in an amount according to proof at the

11    time of trial.

12    **PRAYER FOR RELIEF**

13    Plaintiff, on behalf of all others similarly situated, prays for relief and judgment against

14    Defendants, jointly and severally, as follows:

15    **Class Certification**

16    1.    That this action be certified as a class action;

17    2.    That Plaintiff be appointed as the representative of the Class;

18    3.    That counsel for Plaintiff be appointed as Class Counsel; and

19    4.    That Defendants provide to Class Counsel the names and most current/last known

20    contact information (addresses, e-mails, and telephone numbers) of all Class Members.

21    **As to the First Cause of Action**

22    5.    That the Court declare, adjudge, and decree that Defendants violated California Labor

23    Code sections 1194, 1197, and 1197.1 by willfully failing to pay minimum wages to Plaintiff and the

24    other Class Members;

25    6.    For general unpaid wages and such general and special damages as may be appropriate;

26    7.    For statutory wage penalties pursuant to California Labor Code section 1197.1 for

27    Plaintiff and the other Class Members in the amount as may be established according to proof at trial;

28    8.    For pre-judgment interest on any unpaid compensation from the date such amounts

1  were due;

2      9.      For reasonable attorneys' fees and costs of suit incurred herein pursuant to California

3  Labor Code section 1194(a);

4      10.     For liquidated damages pursuant to California Labor Code section 1194.2; and

5      11.     For such other and further relief as the Court may deem just and proper.

6                          **As to the Second Cause of Action**

7      12.     That the Court declare, adjudge, and decree that Defendants violated California Labor

8  Code sections 510 and 1198 and the applicable IWC Wage Order by willfully failing to pay all

9  overtime wages due to Plaintiff and the other Class Members;

10     13.     For general unpaid wages at overtime wage rates and such general and special damages

11 as may be appropriate;

12     14.     For pre-judgment interest on any unpaid overtime compensation commencing from the

13 date such amounts were due;

14     15.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to California

15 Labor Code section 1194(a); and

16     16.     For such other and further relief as the Court may deem just and proper.

17                          **As to the Third Cause of Action**

18     17.     That the Court declare, adjudge, and decree that Defendants violated California Labor

19 Code sections 226.7 and 512 and the applicable IWC Wage Order by willfully failing to provide all

20 meal periods (including second meal periods) to Plaintiff and the other Class Members;

21     18.     For premium wages pursuant to California Labor Code section 226.7(c);

22     19.     For all actual, consequential, and incidental losses and damages, according to proof;

23     20.     For pre-judgment interest on any unpaid wages from the date such amounts were due;

24     21.     For reasonable attorneys' fees and costs of suit incurred herein; and

25     22.     For such other and further relief as the Court may deem just and proper.

26                          **As to the Fourth Cause Action**

27     23.     That the Court declare, adjudge, and decree that Defendants violated California Labor

28 Code section 226.7 and the applicable IWC Wage Order by willfully failing to provide all rest periods

to Plaintiff and the other Class Members;

24.     For premium wages pursuant to California Labor Code section 226.7(c);

25.     For all actual, consequential, and incidental losses and damages, according to proof;

26.     For pre-judgment interest on any unpaid wages from the date such amounts were due; and

27.     For such other and further relief as the Court may deem just and proper.

**As to the Fifth Cause of Action**

28.     That the Court declare, adjudge, and decree that Defendants violated California Labor Code section 204 by willfully failing to pay all compensation owed at the time required by California Labor Code section 204 to Plaintiff and the other Class Members;

29.     For statutory penalties pursuant to California Labor Code section 210; and

30.     For such other and further relief as the Court deems just and proper.

**As to the Sixth Cause of Action**

31.     That the Court declare, adjudge, and decree that Defendants violated the provisions of California Labor Code section 226(a) as to Plaintiff and the other Class Members, and willfully failed to provide accurate itemized wage statements to them;

32.     For actual, consequential, and incidental losses and damages, according to proof;

33.     For statutory penalties pursuant to California Labor Code section 226(e);

34.     For injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(h); and

35.     For such other and further relief as the Court may deem just and proper.

**As to the Seventh Cause of Action**

36.     That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment of Plaintiff and the other Class Members no longer employed by Defendants;

37.     For all actual, consequential, and incidental losses and damages, according to proof;

38.     For statutory wage penalties pursuant to California Labor Code section 203 for Plaintiff

**CLASS ACTION COMPLAINT**

1    and the other Class Members who have left Defendants' employ;

2         39.    For pre-judgment interest on any unpaid compensation from the date due; and

3         40.    For such other and further relief as the Court may deem just and proper.

4                            **As to the Eighth Cause of Action**

5         41.    That the Court declare, adjudge, and decree that Defendants violated California Labor

6    Code sections 2800 and 2802 by willfully failing to reimburse Plaintiff and the other Class Members

7    for all necessary business-related expenses as required by California Labor Code sections 2800 and

8    2802;

9         42.    For actual, consequential, and incidental losses and damages, according to proof;

10        43.    For the imposition of civil penalties and/or statutory penalties;

11        44.    For reasonable attorneys' fees and costs of suit incurred herein; and

12        45.    For such other and further relief as the Court may deem just and proper.

13                            **As to the Ninth Cause of Action**

14        46.    That the Court declare, adjudge, and decree that Defendants violated the following

15   California Labor Code sections as to Plaintiff and the other Class Members: 1194, 1197, and 1197.1

16   (by failing to pay minimum wages); 510 and 1198 (by failing to pay overtime wages); 226.7 and 512(a)

17   (by failing to provide meal and rest periods or compensation in lieu thereof); 204 (by failing to timely

18   pay wages during employment); 226(a) (by failing to provide accurate wage statements); 201, 202,

19   and 203 (by failing to pay all wages owed upon termination); and 2800 and 2802 (by failing to

20   reimburse business-related expenses);

21        47.    For restitution of unpaid wages to Plaintiff and all the other Class Members and all pre-

22   judgment interest from the day such amounts were due and payable;

23        48.    For the appointment of a receiver to receive, manage, and distribute any and all funds

24   disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a

25   result of violation of California Business and Professions Code sections 17200, *et seq*.;

26        49.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to California

27   Code of Civil Procedure section 1021.5; and

28   ///

50.     For injunctive relief to ensure compliance with this section, pursuant to California Business and Professions Code sections 17200, *et seq*.


Dated: September 11, 2024                    **BLACKSTONE LAW, APC**


                            By:    _____
                                   Jonathan M. Genish, Esq.
                                   Karen I. Gold, Esq.
                                   Ashley H. Cruz, Esq.
                                   Marissa A. Mayhood, Esq.


                                   *Attorneys for* Plaintiff JUAN CARRILLO,
                                   individually, and on behalf of other similarly
                                   situated employees

**CLASS ACTION COMPLAINT**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial with respect to all issues triable of right by jury.


Dated: September 11, 2024                                   **BLACKSTONE LAW, APC**

By:    _____
                                                           Jonathan M. Genish, Esq.
                                                           Karen I. Gold, Esq.
                                                           Ashley H. Cruz, Esq.
                                                           Marissa A. Mayhood, Esq.


*Attorneys for* Plaintiff JUAN CARRILLO, individually, and on behalf of other similarly situated employees

**CLASS ACTION COMPLAINT**

# EXHIBIT 2

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California
County of Alameda
09/12/2024
Chad Finke, Executive Officer / Clerk of the Court
By: _____ D. Franklin _____ Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
PROTEINSIMPLE; BIO-TECHNE SALES CORPORATION; and DOES 1 through 25, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JUAN CARRILLO, individually, and on behalf of other similarly situated employees,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es:)* René C. Davidson Courthouse

1225 Fallon Street Oakland, CA 94612

**CASE NUMBER:**
*(Número del Caso:)*
24CV091274

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es:)*
Jonathan M. Genish, 8383 Wilshire Boulevard, Suite 745, Beverly Hills, CA 90211, (310) 622-4278

DATE:
*(Fecha)* 09/12/2024    Chad Finke, Executive Officer / Clerk of the Court    Clerk, by
*(Secretario)* _____ D. Franklin _____ , Deputy
*(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** |

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

# EXHIBIT 3

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Jonathan M. Genish (State Bar No. 259031) Karen I. Gold (State Bar No. 258360), Ashley H. Cruz (State Bar No. 306235),
Marissa A. Mayhood (State Bar No. 334376)
8383 Wilshire Boulevard, Suite 745 Beverly Hills, California 90211

TELEPHONE NO.: (310) 622-4278          FAX NO.: (855) 786-6356
EMAIL ADDRESS: kgold@blackstonepc.com, acruz@blackstonepc.com, mmayhood@blackstonepc.com
ATTORNEY FOR (Name): Plaintiff Juan Carrillo

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
09/12/2024 at 01:08:30 PM
By: Damaree Franklin,
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS: 1225 Fallon Street
CITY AND ZIP CODE: Oakland, 94612
BRANCH NAME: René C. Davidson Courthouse

CASE NAME:
Juan Carrillo v. ProteinSimple; Bio-Techne Sales Corporation et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 24CV091274 |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $35,000) | [ ] Limited (Amount demanded is $35,000 or less) | [ ] Counter   [ ] Joinder   Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: <br> DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [x] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [x] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [x] Substantial amount of documentary evidence
   d. [x] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify): 9
5. This case [x] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: September 11, 2024

Jonathan M. Genish
(TYPE OR PRINT NAME)

▶ *Jonathan Genish*
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2024]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**  CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the
   case involves an uninsured
   motorist claim subject to
   arbitration, check this item
   instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
   toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–
    Physicians & Surgeons
   Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
    and fall)
   Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
   Intentional Infliction of
    Emotional Distress
   Negligent Infliction of
    Emotional Distress
   Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil
   harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
    Contract *(not unlawful detainer
    or wrongful eviction)*
   Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
    Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally
   complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
   drugs, check this item; otherwise,
   report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
    Case Matter
   Writ–Other Limited Court Case Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor Commissioner
    Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex
   case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of County)
   Confession of Judgment *(non-domestic
    relations)*
   Sister State Judgment
   Administrative Agency Award
    *(not unpaid taxes)*
   Petition/Certification of Entry of
    Judgment on Unpaid Taxes
   Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-
    harassment)*
   Mechanics Lien
   Other Commercial Complaint
    Case *(non-tort/non-complex)*
   Other Civil Complaint
    *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late Claim
   Other Civil Petition

Case 4:24-cv-07253-DMR    Document 1    Filed 10/17/24    Page 41 of 83
*Unified Rules of the Superior Court of California, County of Alameda*
F. ADDENDUM TO CIVIL CASE COVER SHEET

| Short Title: | Case Number: |
|---|---|
| Juan Carrillo v. ProteinSimple; Bio-Techne Sales Corporation et al. | |

## CIVIL CASE COVER SHEET ADDENDUM

**THIS FORM IS REQUIRED IN ALL NEW <u>UNLIMITED</u> CIVIL CASE FILINGS IN THE
SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**

[X]  Oakland, Rene C. Davidson Alameda County Courthouse  (446)

[   ]  Hayward Hall of Justice  (447)

[   ]  Pleasanton, Gale-Schenone Hall of Justice  (448)

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | Alameda County Case Type (check only one) | | |
|---|---|---|---|---|
| Auto Tort | Auto tort (22) | [ ] | 34 | Auto tort (G) |
| | | **Is this an uninsured motorist case?  [ ] yes  [ ] no** | | |
| Other PI /PD / WD Tort | Asbestos (04) | [ ] | 75 | Asbestos (D) |
| | Product liability (24) | [ ] | 89 | Product liability (<u>not</u> asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] | 97 | Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] | 33 | Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [ ] | 79 | Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ] | 80 | Civil rights (G) |
| | Defamation (13) | [ ] | 84 | Defamation (G) |
| | Fraud (16) | [ ] | 24 | Fraud (G) |
| | Intellectual property (19) | [ ] | 87 | Intellectual property (G) |
| | Professional negligence (25) | [ ] | 59 | Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] | 03 | Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] | 38 | Wrongful termination (G) |
| | Other employment (15) | [X] | 85 | Other employment (G) |
| | | [ ] | 53 | Labor comm award confirmation |
| | | [ ] | 54 | Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ] | 04 | Breach contract / Wrnty (G) |
| | Collections (09) | [ ] | 81 | Collections (G) |
| | Insurance coverage (18) | [ ] | 86 | Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] | 98 | Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] | 18 | Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] | 17 | Wrongful eviction (G) |
| | Other real property (26) | [ ] | 36 | Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] | 94 | Unlawful Detainer - commercial       **Is the deft. in possession** |
| | Residential (32) | [ ] | 47 | Unlawful Detainer - residential       **of the property?** |
| | Drugs (38) | [ ] | 21 | Unlawful detainer - drugs       **[ ] Yes    [ ] No** |
| Judicial Review | Asset forfeiture (05) | [ ] | 41 | Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] | 62 | Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] | 49 | Writ of mandate |
| | | **Is this a CEQA action (Publ.Res.Code section 21000 et seq)  [ ] Yes  [ ] No** | | |
| | Other judicial review (39) | [ ] | 64 | Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] | 77 | Antitrust / Trade regulation |
| | Construction defect (10) | [ ] | 82 | Construction defect |
| | Claims involving mass tort (40) | [ ] | 78 | Claims involving mass tort |
| | Securities litigation (28) | [ ] | 91 | Securities litigation |
| | Toxic tort / Environmental (30) | [ ] | 93 | Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] | 95 | Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] | 19 | Enforcement of judgment |
| | | [ ] | 08 | Confession of judgment |
| Misc Complaint | RICO (27) | [ ] | 90 | RICO (G) |
| | Partnership / Corp. governance (21) | [ ] | 88 | Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] | 68 | All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] | 06 | Change of name |
| | | [ ] | 69 | Other petition |

# EXHIBIT 4

| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF ALAMEDA** | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>Administration Building, 1221 Oak Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>09/12/2024<br>Chad Finke, Executive Officer/Clerk of the Court<br>By: _____ Deputy<br>D. Franklin |
| PLAINTIFF:<br>JUAN CARRILLO | |
| DEFENDANT:<br>PROTEINSIMPLE et al | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>24CV091274 |

TO THE PLAINTIFF(S)/ATTORNY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)).

Give notice of this conference to all other parties and file proof of service.

Your Case Management Conference has been scheduled on:

| | |
|---|---|
| Date: 01/10/2025    Time: 8:30 AM    Dept.: 21 | |
| Location: Rene C. Davidson Courthouse<br>Administration Building, 1221 Oak Street, Oakland, CA 94612 | |

TO DEFENDANT(S)/ATTORNEY(S) FOR DEFENDANT(S) OF RECORD:

The setting of the Case Management Conference does not exempt the defendant from filing a responsive pleading as required by law, you must respond as stated on the summons.

TO ALL PARTIES who have appeared before the date of the conference must:

Pursuant to California Rules of Court, 3.725, a completed Case Management Statement (Judicial Council form CM-110) must be filed and served at least 15 calendar days before the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record.

**Meet and confer**, in person or by telephone as required by Cal. Rules of Court, rule 3.724.

**Post jury fees** as required by Code of Civil Procedure section 631.

If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30. Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

The judge may place a Tentative Case Management Order in your case's on-line register of actions before the conference. This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration. Check the court's eCourt Public Portal for each assigned department's procedures regarding tentative case management orders at https://eportal.alameda.courts.ca.gov.

**NOTICE OF**
**CASE MANAGEMENT CONFERENCE**

| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF ALAMEDA** | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>09/12/2024<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: _____ Deputy<br>D. Franklin |
| PLAINTIFF/PETITIONER:<br>JUAN CARRILLO | |
| DEFENDANT/RESPONDENT:<br>PROTEINSIMPLE et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>24CV091274 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the attached document upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Jonathan M. Genish
BLACKSTONE LAW, APC
8383 Wilshire Boulevard, Suite 745 Suite 745
Beverly Hills, CA 90211

Chad Finke, Executive Officer / Clerk of the Court

Dated: 09/12/2024

By:

D. Franklin, Deputy Clerk

**CERTIFICATE OF MAILING**

# EXHIBIT 5

POS-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>— Jonathan Genish \| SBN: 259031<br>BLACKSTONE PC<br>8383 Wilshire Blvd Ste 745  Beverly Hills, CA 902112442<br><br>TELEPHONE NO.: (310) 971-9450 \| FAX NO. \| E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: Plaintiff: JUAN CARRILLO | *FOR COURT USE ONLY*<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Alameda<br>09/18/2024 at 09:57:15 PM<br>By: Carrie Thao,<br>Deputy Clerk |

**ALAMEDA COUNTY SUPERIOR COURT**

STREET ADDRESS: 1225 FALLON STREET

MAILING ADDRESS:

CITY AND ZIP CODE: OAKLAND, CA

BRANCH NAME:

| | |
|---|---|
| PLAINTIFF:  JUAN CARRILLO, individually, and on behalf of other similarly situated employees,<br><br>DEFENDANT:  PROTEINSIMPLE; BIO-TECHNE SALES CORPORATION; and DOES 1 through 25, inclusive, | CASE NUMBER:<br>24CV091274 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>JUAN CARRILLO |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ Summons
   b. ☑ Complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ Cross-complaint
   f. ☑ other *(specify documents):* **NOTICE OF CASE MANAGEMENT CONFERENCE**
3. a. Party served *(specify name of party as shown on documents served):*

   **BIO-TECHNE SALES CORPORATION**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   **Crystal Collins on behalf of CSC - LAWYERS INCORPORATING SERVICE - AGENT FOR SERVICE OF PROCESS**

4. Address where the party was served:  **2710 Gateway Oaks Dr**
   **Sacramento, CA 95833-3505**

5. I served the party *(check proper box)*
   a. ☑ **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* **9/17/2024**   (2) at *(time):* **1:57 PM**
   **Age: 31-35 Weight: 141-160 Hair: Black Sex: Female Height: 5'1-5'6" Eyes:  Race: Hispanic**

   b. ☐ **by substituted service.**  On *(date):* at  *(time):*  I left the documents listed in item 2 with or
   in the presence of *(name and title or relationship to person indicated in item 3b):*

   (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served.  I informed him of her of the general nature of the papers.

   (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party.  I informed him or her of the general nature of the papers.

   (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box.  I informed him of her of the general nature of the papers.

   (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on
   *(date):* from *(city):*        **or** ☐ a declaration of mailing is attached.

   (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

PETITIONER: Case 4:24-cv-07253-DMR   Document 1   Filed 10/17/24   Page 47 of 83
JUAN CARRILLO, individually, and on behalf of other similarly situated employees,

RESPONDENT: PROTEINSIMPLE; BIO-TECHNE SALES CORPORATION; and DOES 1 through 25, inclusive,

CASE NUMBER:
24CV091274

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*          (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

  a. ☐ as an individual defendant.

  b. ☐ as the person sued under the fictitious name of *(specify):*

  c. ☐ as occupant.

  d. ☑ On behalf of: **BIO-TECHNE SALES CORPORATION**

    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☑ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**

  a. Name: **Ritong Kylee Iechad - Steno Agency, Inc.**

  b. Address: **315 West 9th Street  Los Angeles, CA 90015**

  c. Telephone number: **(213) 516-4166**

  d. **The fee** for service was: **$**

  e. I am:

    (1) ☐ not a registered California process server.

    (2) ☑ exempt from registration under Business and Professions Code section 22350(b).

    (3) ☑ registered California process server:

      (i) ☐ owner    ☐ employee    ☑ independent contractor.

      (ii) Registration No.: **150**

      (iii) County: **Sutter**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **9/18/2024**

**Steno Agency, Inc.**
**315 West 9th Street**
**Los Angeles, CA 90015**
**(213) 516-4166**
**www.steno.com**

**Ritong Kylee Iechad**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)    ▶    (SIGNATURE)

POS-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Jonathan Genish | SBN : 259031<br>BLACKSTONE PC<br>8383 Wilshire Blvd Ste 745  Beverly Hills, CA 902112442<br><br>TELEPHONE NO.: (310) 971-9450 | FAX NO. | E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: Plaintiff: JUAN CARRILLO | *FOR COURT USE ONLY*<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Alameda<br>09/18/2024 at 09:57:15 PM<br>By: Carrie Thao,<br>Deputy Clerk |

**ALAMEDA COUNTY SUPERIOR COURT**

STREET ADDRESS: 1225 FALLON STREET

MAILING ADDRESS:

CITY AND ZIP CODE: OAKLAND, CA

BRANCH NAME:

| | |
|---|---|
| PLAINTIFF:  JUAN CARRILLO, individually, and on behalf of other similarly situated employees,<br><br>DEFENDANT:  PROTEINSIMPLE; BIO-TECHNE SALES CORPORATION; and DOES 1 through 25, inclusive, | CASE NUMBER:<br>24CV091274 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>JUAN CARRILLO |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ Summons
   b. ☑ Complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet  *(served in complex cases only)*
   e. ☐ Cross-complaint
   f. ☑ other *(specify documents)*: **NOTICE OF CASE MANAGEMENT CONFERENCE**
3. a. Party served *(specify name of party as shown on documents served)*:
   **PROTEINSIMPLE**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
   **Crystal Collins on behalf of CSC - LAWYERS INCORPORATING SERVICE - AGENT FOR SERVICE OF PROCESS**
4. Address where the party was served:  **2710 Gateway Oaks Dr**
   **Sacramento, CA 95833-3505**
5. I served the party *(check proper box)*
   a. ☑ **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* **9/17/2024**    (2) at *(time):* **1:57 PM**
   **Age: 31-35 Weight: 141-160 Hair: Black Sex: Female Height: 5'1-5'6" Eyes:  Race: Hispanic**

   b. ☐ **by substituted service.** On *(date):* at  *(time):*  I left the documents listed in item 2 with or
   in the presence of *(name and title or relationship to person indicated in item 3b)*:

   (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served.  I informed him of her of the general nature of the papers.

   (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party.  I informed him or her of the general nature of the papers.

   (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box.  I informed him of her of the general nature of the papers.

   (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on
   *(date):* from *(city):*                          **or** ☐ a declaration of mailing is attached.

   (5) ☐ I attach a  **declaration of diligence** stating actions taken first to attempt personal service.

| | | |
|---|---|---|
| Form Approved for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br><br>POS010-1/1188337 |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on *(date):*           (2) from *(city):*

   (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

   (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

   ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

   a. ☐ as an individual defendant.

   b. ☐ as the person sued under the fictitious name of *(specify):*

   c. ☐ as occupant.

   d. ☑ On behalf of: **PROTEINSIMPLE**

      under the following Code of Civil Procedure section:

| | |
|---|---|
| ☑ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**

   a. Name: **Ritong Kylee Iechad - Steno Agency, Inc.**

   b. Address: **315 West 9th Street  Los Angeles, CA 90015**

   c. Telephone number: **(213) 516-4166**

   d. **The fee** for service was: **$**

   e. I am:

      (1) ☐ not a registered California process server.

      (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

      (3) ☑ registered California process server:

         (i) ☐ owner   ☐ employee   ☑ independent contractor.

         (ii) Registration No.: **150**

         (iii) County: **Sutter**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **9/18/2024**

**Steno Agency, Inc.**
**315 West 9th Street**
**Los Angeles, CA 90015**
**(213) 516-4166**
**www.steno.com**

_____
**Ritong Kylee Iechad**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

► *(SIGNATURE)*

# EXHIBIT 6

ELECTRONICALLY FILED
Superior Court of California,
County of Alameda
10/15/2024 at 12:03:13 PM
By: Damaree Franklin,
Deputy Clerk

HANSON BRIDGETT LLP
LISA M. POOLEY, SBN 168737
lpooley@hansonbridgett.com
MATTHEW B. SEIPEL, SBN 318358
mseipel@hansonbridgett.com
JENNIFER A. PUZA, SBN 340221
jpuza@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone:    (415) 777-3200
Facsimile:    (415) 541-9366

Attorneys for Defendants
PROTEINSIMPLE and
BIO-TECHNE SALES CORPORATION

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ALAMEDA

| | |
|---|---|
| JUAN CARRILLO, individually, and on behalf of other similarly situated employees,<br><br>Plaintiff,<br><br>v.<br><br>PROTEINSIMPLE; BIO-TECHNE SALES CORPORATION; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. 24CV091274<br><br>ASSIGNED FOR ALL PURPOSES TO THE JUDGE NOËL WISE<br>DEPT.:   21<br><br>**DEFENDANTS PROTEINSIMPLE AND BIO-TECHNE SALES CORPORATION'S ANSWER TO CLASS ACTION COMPLAINT**<br><br>**Action Filed**:        September 12, 2024 |

Case No. 24CV091274

21215687.1

Pursuant to Section 431.10, *et seq.*, of the California Code of Civil Procedure, Defendants PROTEINSIMPLE and BIO-TECHNE SALES CORPORATION ("Defendants") generally deny each and every material allegation contained in Plaintiff JUAN CARRILLO's ("Plaintiff") Class Action Complaint ("Complaint") and further deny that Plaintiff is entitled to any relief whatsoever.

## SEPARATE AND AFFIRMATIVE DEFENSES

Defendants plead the following separate defenses. Defendants reserve the right to assert additional defenses that discovery indicates are proper. In asserting these defenses, Defendants do not assume the burden of proof as to matters that, as a matter of law, are Plaintiff's burden to prove.

## FIRST DEFENSE

The Complaint does not allege facts sufficient to state a claim upon which relief may be granted.

## SECOND DEFENSE

Plaintiff's claims and those of the alleged putative class are barred, in whole or in part, to the extent they allege actions barred by the applicable statutes of limitations, including but not limited to, those set forth in California Code of Civil Procedure sections 337, 338, 339, 340, and 343, California Labor Code sections 203, and 226, and California Business and Professions Code section 17208.

## THIRD DEFENSE

Plaintiff's claims and the claims of the alleged putative class are barred, in whole or in part, to the extent it would result in duplicative recovery.

## FOURTH DEFENSE

Plaintiff's claims and the claims of the alleged putative class are barred, in whole or in part, to the extent they are unjust, arbitrary and oppressive, or confiscatory.

## FIFTH DEFENSE

Plaintiff's claims and the claims of the alleged putative class are barred to the extent that Defendant acted in accordance with the applicable law, state regulations, and applicable orders of the California Industrial Welfare Commission in effect during the relevant time periods.

21215687.1

**SIXTH DEFENSE**

Plaintiff's and the alleged putative class members' claims are barred, in whole or in part, and/or recovery is precluded because Defendants' alleged acts or omissions, if any, were made in good faith, not willful, not knowing and intentional, and Defendants had reasonable grounds for believing that the alleged acts or omissions did not violate any California Labor Code provision or any orders of the California Industrial Welfare Commission,

**SEVENTH DEFENSE**

Plaintiff's and the alleged putative class members' claims are barred by the principles of fairness and public policy relating to changes in the law upon which Defendants relied during the relevant time periods.

**EIGHTH DEFENSE**

Plaintiff's and the alleged putative class members' claims are barred, in whole or in part, to the extent that Plaintiff or any alleged putative class members pursued, or are pursuing, any claim before the California Labor Commissioner, Division of Labor Standards Enforcement, or the United States Department of Labor.

**NINTH DEFENSE**

Plaintiff's and the alleged putative class members' claims are barred, in whole or in part, by the doctrines of *res judicata*, collateral estoppel, or the doctrine barring duplicative litigation, to the extent that Plaintiff or any alleged putative class member has asserted or could have asserted the same or similar claims in any other judicial, administrative, or arbitral forum.

**TENTH DEFENSE**

Plaintiff's claims and those of the alleged putative class are barred, in whole or in part, by the doctrine of consent.

**ELEVENTH DEFENSE**

Plaintiff's and the alleged putative class members' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and/or ratification.

**TWELFTH DEFENSE**

Plaintiff's claims and those of the putative class are barred, in whole or in part, by the

DEFENDANTS PROTEINSIMPLE AND BIO-TECHNE SALES CORPORATION'S ANSWER TO CLASS ACTION COMPLAINT

21215687.1

1  equitable doctrines of *laches* and/or unclean hands.

2  ### THIRTEENTH DEFENSE

3  Plaintiff's claims and those of the alleged putative class are barred, in whole or in part, to

4  the extent that they failed to make reasonable efforts to mitigate their damages, if any.

5  ### FOURTEENTH DEFENSE

6  The claims for monetary relief or restitution by Plaintiff and the alleged putative class are

7  barred and subject to offset, in whole or in part, to the extent that the same or similar claims are

8  governed by orders, awards, or judgments issued in any other judicial, administrative, or arbitral

9  forum.

10  ### FIFTEENTH DEFENSE

11  Plaintiff's and the alleged putative class members' claims are barred, in whole or in part, to

12  the extent that they were parties to any settlement agreements, releases, or waivers of the claims

13  contained in the Complaint.

14  ### SIXTEENTH DEFENSE

15  Plaintiff's claims and the claims of the alleged putative class for monetary relief based

16  upon alleged violation of Labor Code section 203 are barred based on a good faith dispute as to

17  whether any claimed wages were owed, and Defendant's acts or omissions, if any, were not

18  willful.

19  ### SEVENTEENTH DEFENSE

20  Plaintiff's and the alleged putative class members' claims are barred, in whole or in part, to

21  the extent that Plaintiff, or any member of the putative class he seeks to represent, have been fully

22  paid all amounts legally owed, and by accepting the payments made to them, Plaintiff and any

23  alleged members of the putative class have effectuated an accord and satisfaction of their claims.

24  ### EIGHTEENTH DEFENSE

25  Plaintiff's Fifth Cause of Action is barred, in whole or in part, because there is no private

26  right of action under Labor Code section 204.

27  ### NINETEENTH DEFENSE

28  Plaintiff's and the alleged putative class members' claims are barred, in whole or in part, to

-4-

Case No. 24CV091274

DEFENDANTS PROTEINSIMPLE AND BIO-TECHNE SALES CORPORATION'S ANSWER TO CLASS ACTION COMPLAINT

1    the extent Plaintiff and/or putative class members failed to accurately report their time worked.

2                                **TWENTIETH DEFENSE**

3        Plaintiff's and the alleged putative class members' claims are barred, in whole or in part, to

4    the extent that Plaintiff and putative class members voluntarily waived their off-duty meal periods,

5    including for workdays in which they worked six hours or less, and for workdays in which they

6    worked more than ten and no more than twelve hours.

7                              **TWENTY-FIRST DEFENSE**

8        Plaintiff's and the alleged putative class members' claims are barred, in whole or in part, to

9    the extent that Plaintiff and putative class members worked pursuant to on-duty meal period

10   agreements that they executed individually.

11                            **TWENTY-SECOND DEFENSE**

12       Defendants allege that, any claims regarding rest breaks and meal periods are barred to the

13   extent that Plaintiff and/or any putative class member disregarded Defendants' policies regarding

14   rest breaks, meal periods, and recording time.

15                             **TWENTY-THIRD DEFENSE**

16       Plaintiff's and the alleged putative class's claims for monetary relief or restitution are

17   barred and subject to offset, in whole or in part, to the extent that Plaintiff or any alleged putative

18   class member received premium pay for any on-duty meal periods or any payments under Labor

19   Code Section 226.7.

20                            **TWENTY-FOURTH DEFENSE**

21       Plaintiff's and the alleged putative class's claims for monetary relief or restitution are

22   barred and subject to offset, in whole or in part, to the extent that Plaintiff or any alleged putative

23   class member received premium pay for any on-duty rest periods or any payments under Labor

24   Code Section 226.7.

25                             **TWENTY-FIFTH DEFENSE**

26       Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing under

27   Business and Professions Code section 17204, the California Labor Code, and Article III of the

28   United States Constitution, to bring these claims and cannot represent the interest of the putative

DEFENDANTS PROTEINSIMPLE AND BIO-TECHNE SALES CORPORATION'S ANSWER TO CLASS ACTION
COMPLAINT

21215687.1

1  class members as to each of the purported causes of action.

2                    **TWENTY-SIXTH DEFENSE**

3          Plaintiff may not maintain this lawsuit as a class action under Code of Civil Procedure

4   section 382 or Federal Rule of Civil Procedure 23 because the purported claims of the putative

5   class representative are not typical of those of the purported class members, common issues of fact

6   and law do not predominate over individual issues and liability and damages cannot be proven on

7   a class-wide basis, the putative class representative will not adequately represent the putative class

8   members, the putative class members are not ascertainable, and a class action is not a superior

9   method for adjudicating the purported claims set forth in the Complaint.

10                   **TWENTY-SEVENTH DEFENSE**

11         Defendant Bio-Techne Sales Corporation, alleges that that Plaintiff's claims are barred, in

12  whole or in part, because at all material times Bio-Techne Sales Corporation did not employ

13  Plaintiff, was not a single or joint employer of Plaintiff, and was not an alter ego of Defendant

14  ProteinSimple.

15                   **TWENTY-EIGHTH DEFENSE**

16         Defendant Bio-Techne Sales Corporation, alleges that the Complaint fails to state facts

17  sufficient to constitute any claim upon which relief may be granted against it based on defect or

18  misjoinder of parties, as Defendant Bio-Techne Sales Corporation is not a proper party to this

19  action.

20                   **RESERVATION OF RIGHTS**

21         Defendants allege that the Complaint is vague, ambiguous, and written in conclusory

22  terms, and Defendants cannot fully anticipate all defenses that may be applicable to this action.

23  Accordingly, Defendants reserve the right to assert additional defenses if Defendants become

24  aware of the existence of such defenses arising during the course of discovery.

25                        **PRAYER**

26         WHEREFORE, Defendants pray for relief as follows:

27         1.       That the Court dismiss the Complaint with prejudice and in its entirety;

28         2.       That Plaintiff and the alleged putative class members take nothing by reason of this

                                          -6-                    Case No. 24CV091274

1  Complaint and that the Court enter judgment against Plaintiff and the alleged putative class

2  members, and in favor of Defendants;

3          3.      That the Court award Defendants their attorneys' fees and costs incurred in

4  defending this action to the extent permitted by law;

5          4.      That the Court grant Defendants such other and further relief as it may deem just

6  and proper.

7

8  DATED:  October 15, 2024                          HANSON BRIDGETT LLP

9

10                                          By:  _____

11                                                  LISA M. POOLEY
                                                    MATTHEW B. SEIPEL
12                                                  JENNIFER A. PUZA
                                                    Attorneys for Defendants
13                                                  PROTEINSIMPLE and
                                                    BIO-TECHNE SALES CORPORATION
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

21215687.1

1

**PROOF OF SERVICE**
*Juan Carrillo v. ProteinSimple, et al.*
**(Alameda County Superior Court Case No. 24CV091274)**

2

3    STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

4          At the time of service, I was over 18 years of age and not a party to this action.  I am
employed in the County of San Francisco, State of California.  My business address is 425 Market
5    Street, 26th Floor, San Francisco, CA  94105.

6          On **October 15, 2024**, I served true copies of the following document(s) described as:

7    DEFENDANTS PROTEINSIMPLE AND BIO-TECHNE SALES CORPORATION'S
ANSWER TO CLASS ACTION COMPLAINT

8

9    on the interested parties in this action as follows:

10   Jonathan M. Genish                  *(Attorneys for Plaintiff*
Karen I. Gold                        *JUAN CARRILLO)*
11   Ashley H. Cruz
Marissa A. Mayhood
12   BLACKSTONE LAW, APC
8383 Wilshire Boulevard, Suite 745
13   Beverly Hills, CA  90211
Email:        jgenish@blackstonepc.com
14                 kgold@blackstonepc.com
                 acruz@blackstonepc.com
15                 mmayhood@blackstonepc.com

16

17          **BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the
person(s) at the address(es) listed above and placed the envelope for collection and mailing,
following our ordinary business practices.  I am readily familiar with Hanson Bridgett LLP's
18   practice for collecting and processing correspondence for mailing.  On the same day that
correspondence is placed for collection and mailing, it is deposited in the ordinary course of
19   business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

20          I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.

21          Executed on **October 15, 2024**, at San Francisco, California.

22

23                                         *Ann D. Ghiorso*

24                                         Ann D. Ghiorso

25

26

27

28

Case No. 24CV091274

# EXHIBIT 7

1  HANSON BRIDGETT LLP
   LISA M. POOLEY, SBN 168737
2  lpooley@hansonbridgett.com
   MATTHEW B. SEIPEL, SBN 318358
3  mseipel@hansonbridgett.com
   JENNIFER A. PUZA, SBN 340221
4  jpuza@hansonbridgett.com
   425 Market Street, 26th Floor
5  San Francisco, California 94105
   Telephone:    (415) 777-3200
6  Facsimile:    (415) 541-9366

7  Attorneys for Defendants
   PROTEINSIMPLE and
8  BIO-TECHNE SALES CORPORATION

9
                   **UNITED STATES DISTRICT COURT**
10
                 **NORTHERN DISTRICT OF CALIFORNIA**
11

12
   JUAN CARRILLO, individually, and on        Case No.
13 behalf of other similarly situated employees,
                                               **DECLARATION OF DAVID SIMMONS**
14         Plaintiff,                          **IN SUPPORT OF DEFENDANTS'**
                                               **NOTICE OF REMOVAL NOTICE OF**
15         v.                                  **REMOVAL PURSUANT TO 28 U.S.C. §**
                                               **1446(a), CLASS ACTION FAIRNESS ACT**
16 PROTEINSIMPLE; BIO-TECHNE SALES             **OF 2005 ("CAFA") 28 U.S.C. § 1332(d)**
   CORPORATION; and DOES 1 through 25,
17 inclusive,

18         Defendants.

19

20

21

22

23

24

25

26

27

28
                                    -1-
           DECLARATION OF DAVID SIMMONS IN SUPPORT OF DEFENDANTS' NOTICE OF
                                  REMOVAL

1        I, DAVID SIMMONS, make this declaration in support of PROTEINSIMPLE and BIO-

2   TECHNE SALES CORPORATION's ("Defendants") Notice of Removal.  I am over the age of 18

3   and am competent to provide this testimony.  Other than those facts stated on information and

4   belief, the facts stated herein are based on my personal knowledge.  If called to testify, I would

5   truthfully and competently testify to the following:

6        1.    I am the Senior Human Resources Business Partner for ProteinSimple, located in

7   San Jose, California. In this capacity, I am familiar with the corporate and organizational structure

8   of ProteinSimple and Bio-Techne Sales Corporation.

9        2.    ProteinSimple is, and has been ever since the commencement of this action,

10  incorporated under the laws of the State of Delaware.  Attached hereto as **Exhibit A** is a true and

11  correct copy of ProteinSimple's certification for incorporation, along with state-filed documents

12  showing that in 2003, Signal Analytics , Inc. changed its name to "Cell Biosciences, Inc." and that

13  in 2011, Cell BioSciences, Inc. changed its name to "ProteinSimple." All of these documents can

14  be found on the website for the California Secretary of State at

15  https://bizfileonline.sos.ca.gov/search/business.

16       3.    ProteinSimple's principal place of business is, and has been ever since the

17  commencement of this action, located in San Jose, California.  Attached hereto as **Exhibit B** is a

18  true and correct copy of ProteinSimple's 2024 Statement of Information filed with the California

19  Secretary of State, which states that ProteinSimple's principal office of corporation is located at

20  3001 Orchard Parkway, San Jose, California, 95134.

21       4.    Bio-Techne Sales Corporation is, and has been ever since the commencement of

22  this action, incorporated under the laws of the State of Minnesota.  Attached hereto as **Exhibit C**

23  is a true and correct copy of Bio-Techne Sales Corporation's certificate of incorporation.

24       5.    Bio-Techne Sales Corporation's principal place of business is, and has been ever

25  since the commencement of this action, located in Minneapolis, Minnesota.  Attached hereto as

26  **Exhibit D** is a true and correct copy of Bio-Techne Sales Corporation's 2024 Statement of

27  Information filed with the California Secretary of State, which states that Bio-Techne Sales

28

-2-

1  Corporation's principal office of corporation is located at 614 McKinley Place NE, Minneapolis,

2  Minnesota, 55413.

3      6.      Due to the nature of my human resources role, I also have knowledge about

4  ProteinSimple's compensation and payroll matters and have access to documents and electronic

5  data that contain our employment and payroll information.

6      7.      A review of ProteinSimple's employment records indicates that since September

7  2020, ProteinSimple has employed a total of 166 non-exempt employees in California with a

8  regularly scheduled shift of eight hours per day for five days a week. On average, since September

9  2020, ProteinSimple has employed 92 non-exempt employees. The average rate of pay for these

10  166 non-exempt employees is $28.95/hour. ProteinSimple pays its non-exempt employees on a bi-

11  weekly basis.

12      8.      Additionally, a review of ProteinSimple's employment records indicates that since

13  September 2021, 64 non-exempt employees separated from their employment with ProteinSimple.

14  The average rate of pay of these 64 separated employees was $26.24.

15      9.      Also, a review of ProteinSimple's employment records indicates that for the one-

16  year time period of September 12, 2023 to September 12, 2024,  ProteinSimple employed 100

17  non-exempt employees.

18      10.      I am informed and believe that Bio-Techne Sales Corporation does not have any

19  employees.

20      I declare under penalty of perjury under the laws of the United States of America that the

21  foregoing is true and correct.  Executed on this 17th day of October, 2024, at San Jose, California.

22

23

24  _____

25  DAVID SIMMONS

26

27

28

21221995.1

# EXHIBIT A

JAN 04 2003 10:35 FR BROBECK

2293649

## STATEMENT AND DESIGNATION BY FOREIGN CORPORATION

**FILED**
in the office of the Secretary of State
of the State of California

JAN 1 5 2003

Signal Analytics, Inc.
_____
(Name of Corporation)

KEVIN SHELLEY, SECRETARY OF STATE

_____ , a corporation organized and existing under the

laws of Delaware _____ , makes the following statements and designation:
              (State or Place of Incorporation)

1.  The address of its principal executive office is  1050 Page Mill Road, Bldg. 2A M/S Y-27,

    Palo Alto, CA 94303 _____

2.  The address of its principal office in the State of California is  1050 Page Mill Road, Bldg. 2A

    M/S Y-27, Palo Alto, CA 94303 _____

### DESIGNATION OF AGENT FOR SERVICE OF PROCESS IN THE STATE OF CALIFORNIA
(Complete either Item 3 or Item 4.)

3.  (Use this paragraph if the process agent is a **natural person.**)

    Linda Cahill _____ , a natural person residing in the State of

    California, whose complete address is  1050 Page Mill Road, Bldg. 2A M/S Y-27,

    Palo Alto, CA 94303 _____ , is designated as agent upon whom process directed to
    this corporation may be served within the State of California, in the manner provided by law.

4.  (Use this paragraph if the process agent is a **corporation.**)

    _____ , a corporation organized and existing

    under the laws of _____ , is designated as agent upon whom process directed
    to this corporation may be served within the State of California, in the manner provided by law.

    **NOTE:  Corporate agents must have complied with California Corporations Code Section 1505
    prior to designation.**

5.  It irrevocably consents to service of process directed to it upon the agent designated above, and to service
    of process on the Secretary of State of the State of California if the agent so designated or the agent's
    successor is no longer authorized to act or cannot be found at the address given.

_____
(Signature of Corporate Officer)

Linda Cahill, President
_____
(Typed Name and Title of Officer Signing)

Secretary of State **Form**
S&DC-STOCK/NONPROFIT (07-02)

** TOTAL PAGE.02 **

# Delaware

PAGE   1

### The First State

I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF

DELAWARE, DO HEREBY CERTIFY "SIGNAL ANALYTICS, INC." IS DULY

INCORPORATED UNDER THE LAWS OF THE STATE OF DELAWARE AND IS IN

GOOD STANDING AND HAS A LEGAL CORPORATE EXISTENCE SO FAR AS THE

RECORDS OF THIS OFFICE SHOW, AS OF THE FOURTEENTH DAY OF

JANUARY, A.D. 2003.

AND I DO HEREBY FURTHER CERTIFY THAT THE SAID "SIGNAL

ANALYTICS, INC." WAS INCORPORATED ON THE TWENTIETH DAY OF

DECEMBER, A.D. 2000.

AND I DO HEREBY FURTHER CERTIFY THAT THE FRANCHISE TAXES

HAVE BEEN PAID TO DATE.



*Harriet Smith Windsor*
Harriet Smith Windsor, Secretary of State

3333283   8300

030026935

AUTHENTICATION: 2203260

DATE: 01-14-03

A0603781

**FILED**
In the office of the Secretary of State
of the State of California

NOV 0 3 2003

KEVIN SHELLEY, SECRETARY OF STATE

2293649

## AMENDED STATEMENT BY FOREIGN CORPORATION

Cell Biosciences, Inc.
_____
(Name of Corporation)

_____ , a corporation organized

and existing under the laws of _____ Delaware _____ , and which is presently
(State or Place of Incorporation)

qualified for the transaction of intrastate business in the State of California, makes the

following statement:

That the name of the corporation has been changed to that hereinabove set forth and

that the name relinquished at the time of such change was _____

Signal Analytics, Inc.
_____

_____


Cell Biosciences, Inc.
_____
(Name of Corporation)

_____
(Signature of Corporate Officer)

Linda Cahill, President
_____
(Typed Name and Title of Officer Signing)

Secretary of State Form
ASDC (01/2003)



# Delaware

PAGE  1

## The First State

I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THAT THE SAID "SIGNAL ANALYTICS, INC.", FILED A CERTIFICATE OF AMENDMENT, CHANGING ITS NAME TO "CELL BIOSCIENCES, INC.", THE TWELFTH DAY OF SEPTEMBER, A.D. 2003, AT 1:02 O'CLOCK P.M.



*Harriet Smith Windsor*
Harriet Smith Windsor, Secretary of State

3333283  8320

030597396

AUTHENTICATION: 2637412

DATE: 09-16-03

**A0717903**

*NCTO*

*2293649*

**FILED**

In the Office of the Secretary of State
of the State of California

**JUL 2 8 2011**

## AMENDED STATEMENT BY
## FOREIGN CORPORATION

_____ ProteinSimple _____
(Name of Corporation)

_____, a corporation organized

and existing under the laws of _____ Delaware _____, and which is presently
(State or Place of Incorporation)

qualified for the transaction of intrastate business in the State of California, makes the

following statement:

That the name of the corporation has been changed to that hereinabove set forth and

that the name relinquished at the time of such change was  Cell Biosciences, _____

Inc. _____

_____.

_____
ProteinSimple
(Name of Corporation)

_____
(Signature of Corporate Officer)

_____
Jason Novi, Chief Financial Officer
(Typed Name and Title of Officer Signing)



*PAGE 1*

## The First State

I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THAT THE SAID "CELL BIOSCIENCES, INC.", FILED A CERTIFICATE OF AMENDMENT, CHANGING ITS NAME TO "PROTEINSIMPLE", THE FOURTEENTH DAY OF JULY, A.D. 2011, AT 2:24 O'CLOCK P.M.

3333283   8320

110865353

Jeffrey W. Bullock, Secretary of State

AUTHENTICATION: 8931584

DATE: 07-27-11

You may verify this certificate online at corp.delaware.gov/authver.shtml

# EXHIBIT B

BA20241317676



# STATE OF CALIFORNIA
*Office of the Secretary of State*
## STATEMENT OF INFORMATION
## CORPORATION
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 657-5448

| For Office Use Only |
| --- |
| **-FILED-** |
| File No.: BA20241317676 |
| Date Filed: 7/18/2024 |

**Entity Details**

| | |
| --- | --- |
| Corporation Name | PROTEINSIMPLE |
| Entity No. | 2293649 |
| Formed In | DELAWARE |

**Street Address of Principal Office of Corporation**

| | |
| --- | --- |
| Principal Address | 3001 ORCHARD PARKWAY<br>SAN JOSE, CA 95134 |

**Mailing Address of Corporation**

| | |
| --- | --- |
| Mailing Address | 3001 ORCHARD PARKWAY<br>SAN JOSE, CA 95134 |
| Attention | |

**Street Address of California Office of Corporation**

| | |
| --- | --- |
| Street Address of California Office | 3001 ORCHARD PARKWAY<br>SAN JOSE, CA 95134 |

**Officers**

| Officer Name | Officer Address | Position(s) |
| --- | --- | --- |
| Anna Weispfenning | 614 MCKINLEY PLACE NE,<br>MINNEAPOLIS, MN 55413 | Chief Financial Officer |
| William Geist | Canada<br>461 NORTH SERVICE ROAD<br>WEST OAKVILLE, ON L6M 2V5 | Chief Executive Officer |
| Shane Bohnen | 614 MCKINLEY PLACE NE<br>Minneapolis, MN 55413 | Secretary |

**Additional Officers**

| Officer Name | Officer Address | Position | Stated Position |
| --- | --- | --- | --- |
| None Entered | | | |

**Directors**

| Director Name | Director Address |
| --- | --- |
| James T. Hippel | 614 MCKINLEY PLACE NE<br>MINNEAPOLIS, MN 55413 |
| Shane V. Bohnen | 3001 ORCHARD PARKWAY<br>SAN JOSE, CA 95134 |

The number of vacancies on Board of Directors is: 0

**Agent for Service of Process**

| | |
| --- | --- |
| California Registered Corporate Agent (1505) | CSC - LAWYERS INCORPORATING SERVICE<br>Registered Corporate 1505 Agent |

**Type of Business**

| | |
| --- | --- |
| Type of Business | Medical instruments for protein analysis |

**Email Notifications**

| Opt-in Email Notifications | Yes, I opt-in to receive entity notifications via email. |

**Labor Judgment**

No Officer or Director of this Corporation has an outstanding final judgment issued by the Division of Labor Standards Enforcement or a court of law, for which no appeal therefrom is pending, for the violation of any wage order or provision of the Labor Code.

**Electronic Signature**

☒ By signing, I affirm that the information herein is true and correct and that I am authorized by California law to sign.

*Shane Bohnen*
_____
Signature

*07/18/2024*
_____
Date

B2895-5510  07/18/2024  12:01 AM Received by California Secretary of State

# EXHIBIT C

# Office of the Minnesota Secretary of State
## Certificate of Incorporation

I, Steve Simon, Secretary of State of Minnesota, do certify that: The following business entity has duly complied with the relevant provisions of Minnesota Statutes listed below, and is formed or authorized to do business in Minnesota on and after this date with all the powers, rights and privileges, and subject to the limitations, duties and restrictions, set forth in that chapter.

The business entity is now legally registered under the laws of Minnesota.

Name:                                      Bio-Techne Sales Corporation

File Number:                               1076256100034

Minnesota Statutes, Chapter:               302A

This certificate has been issued on:       03/21/2019



Steve Simon
Secretary of State
State of Minnesota


10762561

# ARTICLES OF INCORPORATION
## OF
## BIO-TECHNE SALES CORPORATION

Article 1
NAME

The name of the corporation is Bio-Techne Sales Corporation (the "Company").

Article 2
REGISTERED OFFICE

The registered office of the Company is located at 2345 Rice Street, Suite 230, Roseville, MN 55113.

Article 3
CAPITAL STOCK

3.1     The aggregate number of shares the Company has authority to issue is One Thousand (1,000) shares, which will have a par value of $0.01 per share.  The Board of Directors may establish such classes or series with such designation, rights and preferences as the Board shall establish by resolution adopted and filed in the manner provided by law.

3.2     The Board of Directors is authorized from time to time to accept subscriptions for, issue, sell and deliver shares of any class or series of the Company to such persons, at such times and upon such terms and conditions as the Board of Directors determines, establishing a price in money or other consideration, or a minimum price, or a general formula or method by which the price will be determined.

3.3     The Board of Directors is further authorized from time to time to grant and issue rights to subscribe for, purchase, exchange securities for, or convert securities into, shares of the Company of any class or series, and to fix the terms, provisions and conditions of such rights, including the exchange or conversion basis or the price at which such shares may be purchased or subscribed for.

3.4     The Board of Directors is further authorized to issue shares of one class or series to holders of that class or series or to holders of another class or series to effectuate share dividends or splits.

Article 4
RIGHTS OF SHAREHOLDERS

4.1     No shares of any class or series of the Company will entitle the holders to any preemptive rights provided under applicable law to subscribe for or purchase additional shares of that class or series or any other class or series of the Company now or hereafter authorized or issued.

4.2    There will be no cumulative voting by the shareholders of the Company.

4.3    An action required or permitted to be taken at a meeting of the shareholders may be taken without a meeting by written action signed, or consented to by authenticated electronic communication, by shareholders having voting power equal to the voting power that would be required to take the same action at a meeting of the shareholders at which all shareholders were present.

Article 5
WRITTEN ACTIONS BY DIRECTORS

Any action, other than an action requiring shareholder approval, may be taken by written action signed, or consented to by authenticated electronic communication, by the number of directors that would be required to take the same action at a meeting of the Board of Directors at which all directors are present.

Article 6
AMENDMENT OF ARTICLES OF INCORPORATION

After the issuance of shares by the Company, any provision contained in these Articles of Incorporation may be amended, altered, changed or repealed by the affirmative vote of the holders of at least a majority of the voting power of all shares entitled to vote or such greater percentage as may be otherwise prescribed by the laws of the State of Minnesota.

Article 7
LIMITATION OF LIABILITY

A director of the Company shall not be personally liable to the Company or its shareholders for monetary damages for breach of fiduciary duty as a director, except for liability (a) for any breach of the director's duty of loyalty to the Company or its shareholders, (b) for acts or omissions not in good faith or that involved intentional misconduct or a knowing violation of law, (c) under section 302A559 of the Minnesota Business Corporation Act or section 80A23 of the Minnesota Securities Act, or (d) for any transaction from which the director derived an improper personal benefit. If the Minnesota Business Corporation Act is amended after this Article becomes effective to authorize corporate action further eliminating or limiting the personal liability of directors, then the liability of a director of the Company shall be eliminated or limited to the fullest extent permitted by the Minnesota Business Corporation Act, as so amended. Any repeal or modification of this Article 7 by the shareholders of the Company shall not adversely affect any right or protection of a director of the Company existing at the time of such repeal or modification.

Article 8
INDEMNIFICATION OF DIRECTORS, OFFICERS, EMPLOYEES AND AGENTS

Directors, officers, employees and agents of this Company shall be indemnified to the maximum extent permitted by the Minnesota Business Corporation Act, for expenses and liabilities arising by reason of their position with, or by acts in such capacities on behalf of, the Company or another corporation which they may serve at the request of the Company.

## Article 9
## EXCLUSIVE FORUM

Unless the Company consents in writing to the selection of an alternative forum, the courts of the State of Minnesota located in the county in which the Company's registered office is located will be the sole and exclusive forum for (a) any derivative action or proceeding brought on behalf of the Company, (b) any action asserting a claim for breach of a fiduciary duty owed by any director, officer, employee or agent of the Company to the Company or the Company's stockholders, (c) any action asserting a claim arising pursuant to any provision of the Minnesota Statutes, the Articles of Incorporation or the Bylaws, or (d) any action asserting a claim governed by the internal affairs doctrine, in each case subject to said court having personal jurisdiction over the indispensable parties named as defendants therein.

**ARTICLES OF INCORPORATION**
**OF**
**BIO-TECHNE SALES CORPORATION**

The undersigned hereby certifies that the Articles of Incorporation of Bio-Techne Sales Corporation (the "Company") in the form attached were duly adopted pursuant to Minnesota Statutes, Chapter 302A.

I swear that the foregoing is true and accurate and that I have the authority to sign this document on behalf of the Company.

Dated: March _19_, 2019

By: _Tamara K. Hardy_
Name: Tamara K. Hardy
Title:  Incorporator
        614 McKinley Place NE
        Minneapolis, MN 55413



**Work Item 1076256100034**
**Original File Number 1076256100034**

STATE OF MINNESOTA
OFFICE OF THE SECRETARY OF STATE
FILED
**03/21/2019 11:59 PM**

Steve Simon
Secretary of State

# EXHIBIT D



# California Secretary of State

Business Programs Division
1500 11th Street, Sacramento, CA 95814

---

Bio-Techne Sales Corporation
614 MCKINLEY PLACE NE
MINNEAPOLIS, MN  55413

## Business Amendment Filing Approved

April 29, 2024

Entity Name: Bio-Techne Sales Corporation
Entity Type: Stock Corporation - Out of State - Stock
Entity No.: 6187830
Document Type: Statement of Information
Document No.: BA20240849627
File Date: 04/29/2024

The above referenced document has been approved and filed with the California Secretary of State. To access free copies of filed documents, go to bizfileOnline.sos.ca.gov and enter the entity name or entity number in the Search module.

***What's Next?***

The most up to date records may be obtained by searching for the Entity Name or Entity Number in the Search module at bizfileOnline.sos.ca.gov.

For further assistance, contact us at (916) 657-5448 or visit bizfileOnline.sos.ca.gov.



Thank you for using bizfile California, the California Secretary of State's business portal for online filings, searches, business records, and additional resources.


BA20240849627



**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**STATEMENT OF INFORMATION**
**CORPORATION**
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 657-5448

| For Office Use Only |
| :---: |
| **-FILED-** |
| File No.: BA20240849627 |
| Date Filed: 4/29/2024 |

| Entity Details | |
| :--- | :--- |
| Corporation Name | Bio-Techne Sales Corporation |
| Entity No. | 6187830 |
| Formed In | MINNESOTA |

**Street Address of Principal Office of Corporation**

| | |
| :--- | :--- |
| Principal Address | 614 MCKINLEY PLACE NE<br>MINNEAPOLIS, MN 55413 |

**Mailing Address of Corporation**

| | |
| :--- | :--- |
| Mailing Address | 614 MCKINLEY PLACE NE<br>MINNEAPOLIS, MN 55413 |
| Attention | |

**Street Address of California Office of Corporation**

| | |
| :--- | :--- |
| Street Address of California Office | None |

**Officers**

| Officer Name | Officer Address | Position(s) |
| :--- | :--- | :--- |
| Kim Kelderman | 614 MCKINLEY PLACE NE<br>MINNEAPOLIS, MN 55413 | Chief Executive Officer |
| Shane Bohnen | 614 MCKINLEY PLACE NE<br>MINNEAPOLIS, MN 55413 | Secretary |
| Anna Weispfenning | 614 MCKINLEY PLACE NE<br>MINNEAPOLIS, MN 55413 | Chief Financial Officer |

**Additional Officers**

| Officer Name | Officer Address | Position | Stated Position |
| :--- | :--- | :--- | :--- |
| None Entered | | | |

**Directors**

| Director Name | Director Address |
| :--- | :--- |
| Kim Kelderman | 614 MCKINLEY PLACE NE<br>MINNEAPOLIS, MN 55413 |

The number of vacancies on Board of Directors is: 0

**Agent for Service of Process**

| | |
| :--- | :--- |
| California Registered Corporate Agent (1505) | CORPORATION SERVICE COMPANY WHICH WILL DO BUSINESS IN CALIFORNIA AS CSC - LAWYERS INCORPORATING SERV<br>Registered Corporate 1505 Agent |

**Type of Business**

| | |
| :--- | :--- |
| Type of Business | Biotech research and manufacturing |

**Email Notifications**

| | |
| :--- | :--- |
| Opt-in Email Notifications | Yes, I opt-in to receive entity notifications via email. |

**Labor Judgment**

No Officer or Director of this Corporation has an outstanding final judgment issued by the Division of Labor Standards Enforcement or a court of law, for which no appeal therefrom is pending, for the violation of any wage order or provision of the Labor Code.

Electronic Signature

☒  By signing, I affirm that the information herein is true and correct and that I am authorized by California law to sign.

*Shane Bohnen*
_____
Signature

*04/29/2024*
_____
Date